#### 4855. ADAMS *v.* THE STATE.

RUSSELL, J. There is one view of the evidence for the State which strongly supports the conclusion that the accused, if guilty of any offense whatever, intended only to use the prosecutor's mule without the knowledge or consent of the prosecutor, and if the jury had taken this view the defendant should have been acquitted. However, where larceny is charged and a taking is shown, the jury must necessarily be the exclusive judges of the intention which actuated the accused in the asportation. "It is not necessary, to constitute larceny, that the property should be itself permanently appropriated. It is sufficient if the property be taken and carried away with the intent to appropriate any pecuniary right or interest therein." *Slaughter* v. *State*, 113 *Ga.* 287 (38 S. E. 855, 84 Am. St. R. 242), and citations. Though the circumstances evidencing the animus furandi are weak, this court can not

hold them to be legally insufficient to have authorized the jury, in exercising its right to pass upon the credibility of the several witnesses, to conclude that the defendant's intention, at the time he carried the mule away, was to steal. No error of law being complained of, it was not error to refuse a new trial.     *Judgment affirmed.*

DECIDED JUNE 10, 1913.

Indictment for larceny; from Crisp superior court—Judge George. April 4, 1913.

*Crum & Jones,* for plaintiff in error.

*J. B. Wall, solicitor-general, J. W. Dennard,* contra.