WILLIAM CHEPAKOFF, Appellant, *v.* NATIONAL BEN FRANKLIN FIRE INSURANCE COMPANY OF PITTSBURGH, PENN., Respondent; BRONX MOTOR CAR COMPANY, Defendant.

(Supreme Court, Appellate Term, First Department, November, 1916.)

Actions — insuring automobiles against theft — evidence — when plaintiff entitled to recover.

> Where the plaintiff, in an action upon a policy insuring his automobile against theft, proves that after he had driven it aboard a ferry-boat close up to the front, put on the emergency brake and stopped the engine he went into the cabin before the boat started and a few minutes later when the boat was on the river came out and the machine was gone, the chain at the rear of the boat lying loose on the deck and the gate at the rear half open, he makes out a *prima facie* case and is entitled to recover.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, first district, entered upon a directed verdict.

Morrison & Schiff (Jacob R. Schiff, of counsel), for appellant.

S. J. Rosenblum (William A. Walling, of counsel), for respondent.

BIJUR, J. This action was brought against an insurance company for the loss of an automobile covered by a policy against loss by theft.

Plaintiff proved that he, accompanied by two friends, drove the automobile aboard a ferry-boat crossing the Hudson river from Englewood, N. J., to Dyckman street, New York. He placed the machine close up to the front of the boat and put on the emer-

gency brake and stopped the engine. He and his friends then went into the cabin before the boat started. There was no other vehicle on the boat on that trip. Some minutes later, and when the boat was on the river, they all came out and found the machine gone, the chain at the rear of the boat lying loose on the deck and the gate at the rear half way open.

Much of this testimony was disputed by the defendant, but there is no question here of the weight of the evidence since a verdict was directed.

It seems to me that the facts testified to by plaintiff and his two witnesses were, under all the circumstances, *prima facie* proof of theft.

The respondent in citing cases like *Duschenes* v. *National Surety Co.*, 79 Misc. Rep. 232, omits to note that these cases refer to thefts of jewelry, and also relate to policies which require " direct and affirmative evidence " of theft, neither of which elements is present in the instant case.

GUY and SHEARN, JJ., concur.

Judgment reversed and new trial granted, with thirty dollars costs to appellant to abide event.