[No. 16933. Department Two. March 13, 1922.]

J. BEN PRICE, *Appellant*, v. ROYAL INSURANCE COMPANY, LIMITED, OF LIVERPOOL, *Respondent.*[1]

INSURANCE (188)—LARCENY (37)—ACTION ON THEFT POLICY—ASPORTATION—QUESTION FOR JURY. In an action on an auto theft policy, the question of asportation is for the jury, where there was evidence from which the jury could find that the car was parked on a grade, with brakes set and the gears locked, preventing propulsion by the engine, and that a third person entered the car, released the brakes and ran it down hill, abandoning it; since theft is not dependent upon the length of time that property is converted or the extent of the use.

Appeal from a judgment of the superior court for King county, Smith, J., entered May 25, 1921, in favor of the defendant, notwithstanding the verdict of a jury rendered in favor of the plaintiff, in an action on an auto theft insurance policy. Reversed.

*Morris & Shipley* and *Paul S. Dubuar,* for appellant.
*Ogden & Clarke,* for respondent.

HOVEY, J.—Appellant sued respondent upon an auto theft policy. The case was tried to a jury, which returned a verdict in favor of the appellant. The trial court granted a motion for judgment notwithstanding the verdict and rendered a judgment of dismissal.

[1]Reported in 204 Pac. 803.

The insurance policy was issued by respondent in favor of the appellant and covered a Paige automobile. Appellant had loaned the car to a man named Clark, and the latter had driven it to his home at 1715 East Howell street, in the city of Seattle. Howell street at this point has a grade of five or six per cent to the east until it intersects with Eighteenth avenue. After crossing Eighteenth avenue, the grade increases to about twelve per cent and continues to Nineteenth avenue, where Howell street terminates. The east side of Nineteenth avenue at this point has no street, but there are dwellings facing to the west. Howell street is paved and has a cement curbing bordering the parking strip, and the testimony of Clark and that of his wife and his brother is to the effect that, between 6:30 and 7 p. m., Clark carefully parked the car by turning the front wheels at an angle into the curb, and Clark testifies that he carefully set the hand or emergency brake and locked the transmission. The testimony of several witnesses is to the effect that the brakes were in perfect condition, and a test made of the car after the accident, by elevating the rear wheels and trying out the emergency brake, showed that it was working perfectly. When the gears are thus locked the car can be moved, but the engine, while it can be run, will have no effect upon the movement of the car.

After getting out of the car, Clark and his brother spent a few minutes in looking at the engine, and then went into the house and remained about twenty minutes, when Clark had occasion to go outside to get some milk and discovered that the car was gone. He called to his brother and they could see tracks where the car had been turned from the curb at an angle of about forty-five degrees, to the center of the street, and from there the tracks continued on down the center of the street to Eighteenth avenue, beyond where

there is a different kind of paving, upon which they were unable to trace the tracks. They then found the car where it had collided with a house. at the end of Howell street, on the east side of Nineteenth avenue about opposite the center of Howell street. A mechanic who lived next door to the house which had received the car was the first to discover it, and he testified that he found the emergency brake released, the gears locked, the ignition off, and the engine not running. The front part of the car was very badly damaged and the repair bill amounted to $631. There is no dispute as to the extent of the damage or as to the amount of the liability under the policy, in case it is held that the company was liable for the loss.

The landlord of the house at 1735 East Howell street, which adjoins the property in which Clark was living, testified that he saw a man standing by the side of the car looking into the space in the front part where the driver sits, just a few minutes before the car disappeared, and that this man was not either one of the Clarks, but was a stranger to him. This witness was only about thirty feet from the car at the time. Meriam Millman, who also lived at 1735 East Howell street, and who was in her kitchen on the ground floor and only a few feet from the street, saw the Clarks drive up with the car, and some time later heard the car door slam to and saw someone who had just gotten into the car, but could not testify anything concerning the identity of the person getting into the car, nor whether it was a man or a woman. She saw the car then move out into. the street and pass her window, in all the distance of possibly one hundred feet, and a few moments later she was advised of the accident. She testified that she could not get a view of the inside of the car as the top was up, and the

house being somewhat higher than the street, she stood in a position slightly above the car.

There was some evidence brought out upon cross-examination that some tracks of a car were found upon the parking strip on the east side of Howell street between Eighteenth and Nineteenth avenues, but they were not connected up with the path of this car, nor with the time covered by the events with which we are concerned. The respondent offered no testimony.

It is the theory of appellant that the car was taken from its standing place for the purpose of being stolen, but after continuing a short distance with it, the thief discovered that he could not operate it because of the gears being locked, and that he thereupon abandoned it.

Respondent contends, in effect, that it is equally plausible that the car simply got away and ran down the hill. But the main proposition advanced by respondent is that, admitting the facts as testified in behalf of the appellant, there is not a sufficient showing of intent to steal the automobile.

Whether there is a theft is not dependent upon the length of time that the property is converted nor the extent of the use to which the thief was able to put it, if possession is actually taken by a wrongdoer and intent to steal can be inferred, even though the possession is but temporary. *Robinson v. State,* 113 Ind. 510, 16 N. E. 184; *State v. Maddaus,* 137 Minn. 249, 163 N. W. 507; *Adams v. State,* 12 Ga. App. 808, 78 S. E. 473. These were criminal actions. In *Kansas City Regal Auto Co. v. Old Colony Ins. Co.,* 187 Mo. App. 514, 174 S. W. 153, recovery was sustained on a policy where the disappearance was not explained in any manner. To the same effect is *Chepakoff v. National Ben Franklin Fire Ins. Co.,* 97 Misc. Rep. 330, 161 N. Y.

Supp. 283. But the cases more nearly applicable to the facts of this case are *Brennon v. Commonwealth,* 169 Ky. 815, 185 S. W. 489; *State v. Davis,* 38 N. J. L. 176; *State v. Maddaus, supra,* in all of which there was an abandonment of the property after it had been taken. In the latter case is the following:

"The point that there was no 'carrying away' or asportation of the car, is based on the idea that defendant and his companion were unable to get farther than they did because of the locked gas feed. They unlocked the ignition with a key they had, and the lock on the chain broke as they started. The car ran a distance of at least 150 feet before it mounted the curb, and the evidence fails to show why it behaved thus. But clearly the car was moved a sufficient distance to constitute larceny."

After examining the testimony, we are satisfied that a sufficient case was made out to justify the jury in finding that the car was stolen. The testimony of all the witnesses is explicit, and except the members of the Clark family, they appear to be wholly disinterested; and while the appellant's case presents an unusual situation, we cannot say that it is an impossible one, and the question of recovery was one for the jury.

It is directed that the judgment appealed from be set aside and that judgment be entered upon the verdict.

PARKER, C. J., MAIN, and HOLCOMB, JJ., concur.