C. R. WEIR, Appellee, v. CENTRAL NATIONAL FIRE INSURANCE COMPANY, Appellant.

**INSURANCE:** Actions on Policies—Proof of ''Theft.'' In an action on a policy of insurance by theft, the insured need not prove, *beyond a reasonable doubt,* that his property has been stolen. Recovery is justified on testimony tending to prove, by a preponderance, that the property was taken and carried away without the knowledge or consent of the owner or of any other person having any real or apparent authority over the property, even though there is counter testimony tending to show that the property was taken and carried away under an honest claim of right.

**TRIAL:** Instructions—Covering Requested Instructions. Instructions relative to a nonfelonious taking of property may very properly be refused when the court, on its own motion, elaborately and clearly instructs on the same point. Instructions reviewed, and held to be the full equivalent of those refused.

*Appeal from Delaware District Court.*—H. B. BOIES, Judge.

SEPTEMBER 26, 1922.

ACTION to recover insurance upon a policy issued by the defendant, indemnifying plaintiff against loss by theft of an automobile. There was a trial to a jury, resulting in verdict and judgment for plaintiff, and the defendant appeals.— *Affirmed.*

*Henry & Henry* and *Carr & Carr,* for appellant.

*Trewin, Simmons & Trewin,* for appellee.

WEAVER, J.—The plaintiff was the owner of a certain Cole

eight cylinder automobile, and on June 28, 1919, the defendant, an insurance company engaged in that class of business, issued to plaintiff its policy insuring him for a period of one year against loss, not exceeding $1,500, by fire and other risks, including "damage by theft, robbery, or pilferage (by any person or persons other than those in employment, service, or household of the insured) if amounting to more than $25 on any single occasion." The petition alleges that, on June 28, 1919, and while said policy was in full force, and while the car was in a repair shop in Cedar Rapids, where he had left it to have certain repairs made on the curtains, said vehicle was stolen and pilfered from said shop by some person unknown, who took it into his possession and ran it into a ditch, thereby injuring and rendering it practically worthless. Notice of the loss was duly given; and, defendant refusing to admit liability on its part, or to pay the damages so sustained, this action was begun.

Answering the petition, defendant admits the issuance of the policy, and receipt of the notice and proofs of the alleged loss of the car, but denies all other allegations.

On the trial of the issues to the jury, plaintiff offered evidence tending to show his delivery of the car to one Quigley, proprietor of a garage at Cedar Rapids, with directions to have a glass put into one of the curtains. Quigley, acting upon plaintiff's request, took the car to the upholstering department of another shop, conducted by one Beck, and left it inside the building used for that purpose, in the care of one Gibbs, an employee of Beck's, who had charge of the work. This was on a Saturday afternoon. Gibbs closed and locked the shop after the car was delivered there. On his return to his work on Monday morning following, the car was gone. He had given no one permission to take it. Weir, the owner, had not taken the car out or authorized anyone else to do so. The only other persons having any apparent authority in the premises were one Harper, who did the painting work in the shop, and his assistant, Robert Melsha. According to Harper, he remained in the shop after Melsha had received his week's pay and quit for the day, and the witness himself left a little before Gibbs did. The car was then still in the shop. Harper neither moved the car nor authorized Melsha or any other person to do so. On Monday or Tues-

day, the car, in a badly wrecked condition, was found in a ditch by the roadside, in or near the town of Swisher. This is, in substance, the showing made by the plaintiff. For the defense, Robert Melsha testified that he was in the shop on Saturday evening, when the Cole car was delivered there, and that, before he left, Harper said to him: "You can use that car over Sunday, and bring it back Monday, when you come back to work." He further says that the door was then open, and that, acting upon Harper's permission, he then drove the car out of the shop, intending to return it on Monday. While it was not yet dark, he says he drove the car openly about town, stopping at various places. He took in one Frank Hoffman, and together they drove about town until midnight, when he went home and to bed, leaving the car at his father's place. On Sunday, he put in the forenoon driving about, with friends or members of his family. In the afternoon, he took a young lady acquaintance into the car; and later, the man Hoffman and another young woman were added to the party, and a joy ride over various roads and through various neighborhoods ensued. Later in the afternoon, they encountered a bad piece of road; and while they were driving at a rate of 35 miles per hour, the car skidded and overturned, throwing them into the gutter. Hoffman was killed, and Melsha was quite badly injured. The car appears to have been left in the ditch for several days before it was moved, and there is evidence tending to show that more or less of its parts and attachments disappeared. There is considerable corroboration of some of the details of Melsha's testimony; but upon the proposition that he took the car with the knowledge or consent of either plaintiff, Quigley, Beck, Gibbs, or Harper, there is an irreconcilable conflict. At the close of the testimony, defendant moved for a directed verdict in its favor, on the ground that the evidence was insufficient to sustain a finding that the taking of the car was larcenous. The motion was denied, and error is assigned thereon.

I. The main proposition upon which defendant seeks a reversal of the judgment below is that the evidence is insufficient to sustain a finding that the insured car was stolen. Under

the record, as reflected by the abstracts and the

1. INSURANCE: actions on policies: proof of "theft."

conceded facts, we are satisfied that there was no error in refusing to direct a verdict for defendant, and that the issue of fact was for the jury.   It should be remembered at the outset that the young man Melsha is not on trial for larceny in this case, and that the rule which obtains in a criminal case, requiring proof of an alleged theft beyond a reasonable doubt, has no application to a civil action for recovery upon a policy of insurance against theft.   To justify a recovery in such action, the insurance being proved or admitted, the policyholder is not required to do more. than to establish the truth of his allegation of loss by a. preponderance of evidence; and, if there be any substantial conflict in the testimony, the issue of fact so created is for the jury. That there is here such a conflict of testimony is hardly open to doubt.   That the car was taken from the repair shop without the knowledge or consent of the owner or of any other person having any real or even apparent right to authorize it, is shown without dispute; and, if the witnesses Beck, Gibbs, and Harper tell the truth, the car was taken in the nighttime of Saturday from a locked inclosure, and its loss was not discovered by anyone responsible for its care until Monday following, when it was found wrecked, several miles away.   If this were all the showing made, its sufficiency to sustain the action could not reasonably be questioned.   The plaintiff was charged with no burden to prove that the car was stolen by Melsha or by any other particular individual.   In order for him to recover, it would have been enough for him to show by a preponderance of evidence that the car was deposited or left in the shop by him or by his agent, and that, the next morning, it was gone or had disappeared, without the knowledge or authority or agency of anyone authorized to permit it.   Such circumstances would have given rise to a presumption of theft by someone, and in the absence of evidence otherwise explanatory of the disappearance of the car, it would entitle the owner to recover on his insurance policy against theft.   In defense of such action, it was competent, of course, for the company to show that the loss of the car was due to some other cause than theft.   This it attempted to do by the testimony of Melsha, that he took the car for a merely tem-

porary use, with the consent of the painter, Harper, intending to return it on Monday, and that such return was prevented only by the accident. This, if credited by the jury, was a good defense, not because Harper had any right or authority to permit Melsha to take the car, or because Melsha acquired any right to take or use the car, but because the taking, though wrongful, for a merely temporary purpose, with the honest intent to return the property, would not be a theft, and if not theft, defendant was not liable upon its policy for a loss so occurring. But the truth of such defense is not to be taken for granted, and the sufficiency of its proof remains a jury question. While the intent of a person in doing any specific act may ordinarily be testified to by him, it is also a matter of inference from the nature of the act itself and the circumstances by which it is accompanied or characterized, and these may justify the jury in refusing to credit the truth of the explanation. In this instance, Melsha claims to have acted with the permission of Harper; but Harper positively denies it. Moreover, Melsha must have known that Harper had no right or authority to consent to the act. He did not, in fact, return the car, even in its wrecked condition, nor do we find anything in the record to show that he reported the wreck to plaintiff or to any person in charge of the shop from which he took it. Further discussion of the evidence is unnecessary. The issue whether the taking of the car was with the larcenous purpose of depriving the owner of his property is not one of law, but of fact. The veracity of the witnesses on either side was for the jury, as were also the weight and value of their several stories relating to the material facts.

II.   Defendant requested the court to instruct the jury as follows:

"Par. 2.   Testimony has been offered by the defendant that the automobile in question was taken by one Robert Melsha, with the permission of one Frank Harper, who was connected with the repair shop where the car was left for

2. TRIAL: instructions: covering requested instructions.

repairs by an agent of the owner. To constitute larceny, the taking must have been without color of right or excuse for the act; and if you find that Melsha took this car under a claim of right, and with a fair

pretense for taking it, it is your duty to return a verdict in favor of defendant, even though you may find that Melsha was mistaken in his claim to the said car. If Melsha really and in good faith believed that he had a right to remove the car at the time of such taking, it makes no difference whether or not such right did, in fact, exist.

"Par. 4. As bearing upon Melsha's intent at the time of taking the car, you should also consider the manner of the taking and the conduct of Melsha with reference to the car after the taking. If the taking was open and notorious, the presumption is against the intent to steal, and it is your duty to find for the defendant, unless the plaintiff convinces you by a preponderance of the positive evidence that there was a criminal intent,— that is, an intent to steal."

This request was denied by the court. In the charge given by the court on its own motion, the jury was clearly instructed as to the elements constituting larceny, and upon the subject covered by defendant's request, the court said as follows:

"Instruction No. 4. You are instructed that, while Robert Melsha was permitted to testify as to the intent with which he took the plaintiff's automobile, the fact that he testifies that he did not have a felonious intent at the time he took it, and further testifies that he intended to return it, is not conclusive of what his real purpose and intent was. The intent with which an act is done is to be determined from all the facts and circumstances attending the doing of the act charged, as disclosed by the evidence; and it is for you to determine from all the evidence, including the evidence of Melsha, whether or not his act in taking the plaintiff's automobile was unlawful and felonious, and was done with the then intent on his part to appropriate the same to his own use, and wholly and permanently deprive the plaintiff of said automobile.

"Instruction No. 6. If you find from the evidence that it was the intention of Melsha to return the car to the garage from which it was taken, after he used it on Sunday, even though such intention was never carried out, then the crime of larceny was not committed, and if you so find, you should find for the defendant; but if you find, from all of the evidence and all of the facts and circumstances shown by the evidence, that

the taking of said car by Melsha was wrongful and felonious, and further find that Melsha, at the time he took it, intended to appropriate it to his own use, and to wholly and permanently deprive the plaintiff of said automobile, then you should find that the taking of said car by Melsha constituted the crime of larceny, and in such case, you should return your verdict in favor of the plaintiff.

"Instruction No. 7.  As bearing upon Melsha's intent at the time of taking the car, you should also consider the manner of the taking,—whether it was openly or secretly taken,—the conduct of Melsha with reference to the use of the car after he took it, and all the other facts and circumstances shown by the evidence, bearing upon the question of whether the crime of larceny was or was not committed by Melsha in the taking of said car.

"Instruction No. 8.  You are further instructed that the mere possession of the plaintiff's car by Melsha does not, alone and of itself, raise the presumption that a larceny was committed by him.  The burden of proof remains with the plaintiff to show, by a preponderance of the evidence, that the car was taken by Melsha with a criminal intent on his part to steal the car."

The court's charge, as will thus be seen, fully and fairly covered the subject of the defendant's request, and the refusal of such request is manifestly without prejudicial error.

III.  Exception was preserved to the admission of testimony of two witnesses who undertook to relate what took place at the scene of the wreck on the Sunday after the accident. These witnesses and Melsha and others appear to have gathered there to look at the ruins of the car, which still remained in the ditch.  In the talk, there was something said by one of the witnesses to the effect that he had bought or contemplated buying the injured car, and that some parts or attachments of the car were then removed, in Melsha's presence.  The story of this occurrence is by no means clear; but we do not see anything in it which could work to the prejudice of the defendant, and the assignment of error upon its admission is overruled.

We have examined the case of *Valley Merc. Co. v. St. Paul F. & M. Ins. Co.,* 49 Mont. 430, on which the defense largely

relies, but find nothing therein which could justify us in controlling the verdict of the jury in the present case. In the cited case, the car was, in fact, returned by the employees of the shop who had wrongfully taken it out, and who remained in the employ of the shop for some time thereafter. There is some language in the opinion which we should not be disposed to adopt, but its conclusion is not necessarily out of harmony with our present holding. The rules of law suggested by the other cited authorities are familiar; but in so far as they are applicable to any phase of the present case, they are sufficiently recognized by the court's charge to the jury.

There is no reversible error in the record, and the judgment of the district court is—*Affirmed.*

STEVENS, C. J., PRESTON and DE GRAFF, JJ., concur.