STATE OF IOWA, Appellee, v. ABNER BOHALL, Appellant.

DECEMBER 14, 1928.

C. W. *Kellogg* and *William P. Welch*, for appellant.

John *Fletcher*, Attorney-general, and *Neill Garrett*, Assistant Attorney-general, for appellee.

ALBERT, J.—One A: A. Waite operated a farm located on the Lincoln Highway, between Logan and Woodbine, in Harrison County, which farm was owned by George and A. J. Coe. Waite had a herd of hogs on said farm, and in October, 1925, certain of the hogs were missing. Defendant, Abner Bohall, lived on a farm some eight or ten miles distant from the Waite farm. After the disappearance of the hogs from the Waite farm, the prosecuting witness, Waite, went to defendant's farm, and claims to have found there three hogs which he identified as belonging to him by reason of certain marks on the hogs placed there by him, and also by the general appearance of the hogs, they being black Poland China breed. These hogs were also identified by A. J. Coe, one of the owners thereof; also by one Arnold, a hired man of Waite's who helped to mark the hogs.

Two witnesses, Lingo and Roden, testified that they assisted the defendant in stealing hogs from the Waite place at about the time these hogs were alleged to have been stolen; that they were put into a touring car; and carried to defendant's place. It appears from the testimony of these two witnesses that three hogs were taken from the Waite place at one time, and two at another.

So much of the testimony is recited for the purpose of meeting the first objection made by the defendant, in which he claims that the testimony of these two accomplices, Lingo and Roden, was not corroborated. The evidence in the case abundantly corroborates these witnesses.

The State elected, on motion of the defendant, to stand on the theft of the three hogs first stolen, and the objection is that, since it did so, the evidence showing the taking of two other hogs at or near the same time cannot be considered for the purpose of corroboration. But even if we assume this to be true, the trouble is that the court, in its instructions, limited the testimony as to the theft of the other two hogs solely to the question of the intention of the defendant in taking the hogs in the first instance. The court said:

"Evidence has been introduced by the said two witnesses regarding the taking of two hogs at a later time, but you are instructed that the same is received and is in evidence before

you for the sole and only purpose of showing, if you find that two hogs were later taken by defendant, the intent of the defendant in the taking of the hogs, as alleged in the indictment, should you find that defendant did so take them, as explained in these instructions.''

It is apparent here that nothing is said about considering this testimony as corroboration, and hence the objection lodged has no validity. We say this, notwithstanding the fact that the assignment of error here is not sufficient to raise the question discussed.

It would seem from the evidence that the hogs were stolen about the middle of October, and were discovered in the defendant's possession about the first of December following. It is claimed that this possession is too remote to raise any presumption or evidence of guilt as to the larceny itself. The rule that recent possession of stolen property may be considered by the jury as evidence of guilt is too well settled in this state to need citation of authority; but the court did not avail itself of this rule, and gave no instruction whatever on the question of recent possession of stolen property; hence the argument of counsel on this proposition raises no question for our consideration.

A careful reading of all of the instructions shows that the defendant's right as to the question of corroboration of accomplices was abundantly protected, the case was fairly submitted, and the evidence sufficient in all respects to carry the case to the jury. We find no ground for reversal.—*Affirmed.*

STEVENS, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.