STATE OF IOWA, Appellee, v. JULIUS HUSS, Appellant.

No. 40221.

OCTOBER 21, 1930.

*Yeaman & Yeaman,* for appellant.

*John Fletcher,* Attorney-general, and *Ralph C. Prichard* and *H. R. Kenaston,* Assistant County Attorneys, for appellee.

FAVILLE, J.—I. Appellant contends that the *corpus delicti* was not proven. It is unnecessary that we set out the evidence of the State. It was sufficient, however, to establish the fact that the chickens in question were stolen from the premises of the witness Haulsworth at the time and place charged in the indictment, and therefore the *corpus delicti* was established.

II. One Brant was jointly indicted with the appellant. The appellant had a separate trial, and Brant was a witness

for the appellant. On cross-examination by the county attorney, the following took place:

"Q. You sold a lot of chickens during the spring, didn't you, Lawrence? (Mr. Yeaman: That is objected to as not cross-examination. It has got nothing to do with this case at bar,—not cross-examination. The Court: He may answer that. To which ruling defendant duly excepts.) A. Yes, I sold some. Q. You sold chickens at least fourteen times in the town of Anthon, didn't you, last spring? (Mr. Yeaman: Objected to as not cross-examination. The Court: He may answer that. To which ruling the defendant duly excepts. A. I don't know just how many times. Q. Is that about correct? A. No, I don't think that many. Q. You sold chickens at Correctionville several times, didn't you? (Mr. Yeaman: Objected to as not cross-examination, having nothing to do with this case. The Court: He may answer. To which ruling defendant duly excepts.) A. No, I never sold any in Correctionville. Q. Were you ever with the defendant, Julius Huss, when he sold chickens at Correctionville? A. No, sir. (Mr. Yeaman: Objected to as not cross-examination. The Court: He may answer. To which ruling defendant duly excepts.) Q. Then, if he so stated to the sheriff, you would think he was mistaken, would you? (Mr. Yeaman: Objected to as not cross-examination. The Court: It will be sustained. To which ruling the State duly excepts.) Q. You sold chickens at Oto, also, didn't you, in the spring? (Mr. Yeaman: Objected to as not cross-examination. The Court: He may answer. To which ruling the defendant duly excepts.) A. Yes, sir. Q. How many times did you sell them there, Lawrence? A. I believe twice. Q. How many times did you sell chickens in Sioux City? (Mr. Yeaman: Objected to as incompetent, irrelevant, and immaterial, not cross-examination, and assuming something not in the record. The Court: He may answer. To which ruling defendant duly excepts.) A. I don't know. Q. You don't know how many times? So many times you wouldn't remember,—isn't that a fact? A. No. Q. Did you ever sell any at Lawton? A. No. Q. You tried to sell them there, didn't you? A. Yes. Q. Where did you get all these chickens? A. From my mother. Q. How many did she have? A. I don't know. Q. She held them all over during the winter,—

didn't sell any for fries the year previous? A. No. Q. Saved them all the winter and spring of 1929? (Mr. Yeaman: Objected to as not cross-examination. The Court: I think you have gone into that far enough.)''

The objection to this line of testimony that it was not proper cross-examination should have been sustained. There was nothing in the direct examination of the witness that rendered such cross-examination proper. The State does not attempt to sustain the rulings of the trial court in this matter except on the theory that a wide discretion is allowed in the cross-examination of a witness, and that, if error was committed, it was without prejudice.

The State relies upon *State v. Graham*, 203 Iowa 532. Said case discloses an entirely different situation. In the case at bar, it is to be remembered that Brant was a co-indictee with the appellant. The contention of the State was that the appellant and the witness Brant stole the chickens in question together and disposed of them together; in other words, that the entire transaction was a joint enterprise engaged in by Brant and the appellant. The cross-examination of the witness Brant was for the obvious purpose of attempting to discredit him in the eyes of the jury as a witness, and to carry the insinuation and suggestion that he was engaged in the business of stealing chickens and selling them at various points. This also reflected on the appellant, who was indicted with him. Such cross-examination could have had no other purpose. It cannot be said that it was without prejudice to the appellant. The matter of the latitude of cross-examination is largely within the discretion of the trial court; but, in view of all of the circumstances surrounding this case, the character of the charge, and the relationship of the witness to the appellant, we think that the prosecutor exceeded the bounds of a fair and legitimate cross-examination, and that the result was necessarily prejudicial to the appellant.

Other errors are argued upon appeal. It is quite likely that they will not occur upon a retrial of the case, and in respect to them we make no pronouncement.

For the reason pointed out, the case must be, and it is—*Reversed.*

MORLING, C. J., and EVANS, KINDIG, and GRIMM, JJ., concur.