E. TULLAR, Appellant, v. NEW YORK UNDERWRITERS INSURANCE COMPANY, Appellee.

No. 41087.

DECEMBER 16, 1931.

REHEARING DENIED MARCH 15, 1932.

Mitchell & Mitchell and Price & Burnquist, for appellant.

Helsell, McCall & Dolliver and George H. Bradshaw, for appellee.

ALBERT, J.—On the 4th day of November, 1929, defendant company issued to the plaintiff a policy of insurance covering his automobile (a Chrysler 1930 Royal Sedan), insuring the plaintiff against loss by theft, robbery, and pilferage.

On the evening of January 18, 1930, about 8 o'clock P.M., plaintiff parked his car on Central Avenue between 5th and 6th Streets in the city of Fort Dodge. Thereafter, under plaintiff's direction, a boy took the car and took plaintiff's daughter to her home in said city and returned the car about 10:30 P.M. to where it was originally parked by the plaintiff in front of the pool hall. Plaintiff was in the pool hall when the car was parked by the boy, and about the time last named, he called his daughter over the telephone. When he came from the pool room the car was gone.

The evidence tends to show that whoever took the car

did so without the knowledge or consent of the plaintiff or any member of his family or employe. The car was wrecked about sixteen miles east of Fort Dodge on the road to Webster City.

Plaintiff's theory of the case is that, when he showed the disappearance of the car without his knowledge or consent and the circumstances surrounding the same, he had made a prima-facie case. Defendant's theory is that the plaintiff must go one step further, and show that whoever took the car took it with intent to steal; and they seek to prove by their evidence that one John Hoyer was the party who took the car, and at the time he took it he was so drunk that he could not have an intention to steal.

Anyone conversant with the elementary principles of law would not question that in order to establish a theft it is necessary that the party who took the property had an intention to steal the same.

In the case of Weir v. Central National Fire Insurance Co., 194 Iowa 446, we had a similar proposition under a similar policy. With reference to the plaintiff's right to recover we said:

"In order for him to recover, it would have been enough for him to show by a preponderance of evidence that the car was deposited or left in the shop by him or by his agent, and that, the next morning, it was gone or had disappeared, without the knowledge or authority or agency of anyone authorized to permit it. Such circumstances would have given rise to a presumption of theft by someone, and in the absence of evidence otherwise explanatory of the disappearance of the car, it would entitle the owner to recover on his insurance policy against theft."

This seems to be a correct statement of the rule in relation to such a situation. See Corporation of Royal Exchange Assurance of London v. Puckett, 246 S. W. (Tex.) 705; Price v. Royal Ins. Co. Ltd. of Liverpool, 204 Pac. (Wash.) 803; Bird v. St. Paul Fire & Marine Ins. Co., 187 N. W. (Mich.) 265; Blashfield Encyclopedia of Automobile Law, Vol. 3, page 2612; State v. Manly, 211 Iowa 1043; State v. Huss, 210 Iowa 1317.

In short, when the plaintiff establishes the fact that the car was gone from the place where he left it, without his knowledge or consent, the law raises a rebuttable presumption that whoever

took it did so with intent to steal the same, and when the plaintiff has established such facts, he has made a prima-facie case. The defendant is thereupon called upon to overcome such presumption with his evidence if possible.

The defendant in the case at bar attempted to do this under a claim that one John Hoyer was the party who took this car, and second, that said Hoyer had no intention whatever to steal the same. Defendant seeks to prove this by showing that Hoyer was so drunk at the time in question that he could have no intention to steal; and the court told the jury that the burden was on the defendant to sustain this claim by a preponderance of the evidence.

We think this is a correct statement of the law. Turning now to the evidence, the only evidence in the case touching the question as to who stole this car is the testimony introduced by the defendant, in which one witness testified that he was close to the place where the accident occurred, and when he reached the scene of the accident, Hoyer "was laying in the front seat of the car." He stated it again: "I found John Hoyer in the car and knew who he was. I pulled him out of the front door of the car." The car referred to by this witness was the car in controversy herein.

Hoyer testified that he was drunk at the time he left home, and had no recollection whatever of having been in this car or having taken it, or of the facts surrounding the wreck. In spite of the drunken condition, however, which he claims existed, in answer to the questions of the defendant he testified that he did not take the car and had no intention to steal the same. Whether or not he is to be believed in these statements was purely a jury question, under proper instructions, and whether or not the defendant has met its burden of overcoming the presumption aforesaid in favor of the plaintiff was also a jury question.

The court, of course, was right in its instruction when it said, in substance, that the burden was on the plaintiff to show that whoever stole this car at the time had an intention to steal the same and convert it to his own use; but he should also in the instructions have given the plaintiff the benefit of the presumption above referred to. If the jury concluded that the defendant had failed to establish that John Hoyer took the car with-

out intent to steal, then the plaintiff, having made a prima-facie case, would be entitled to recover.

This idea is not covered by the instructions. The instructions, taken as a whole, would lead the jury to think that, in order to recover, the plaintiff would have to show that John Hoyer intended permanently to deprive Tullar of his car, and if he failed so to show, then he could not recover. This question of intent to steal seems to be over-emphasized in the instructions. There are other elements involved in the question of theft which are of equal importance with an intention to steal. Under one instruction the court said: "The fact that the plaintiff's car was found in the possession of John Hoyer at the scene of the accident does not alone and of itself raise the presumption that he obtained possession of it by larceny."

■ When the court attempted to instruct as he did in this instruction on the question of possession of recently stolen property, he should have fully covered the subject; and while the instruction as given is technically accurate, yet it is well settled in this state that the unexplained possession of recently stolen property may be found by the jury to be sufficient evidence of larceny. State v. Bohall, 207 Iowa 219; State v. Brady, 121 Iowa 561.

■ In instruction 9 the court said: "To be a theft, under the terms of the insurance policy in question, there must have been the intention on the part of John Hoyer to permanently deprive E. Tullar of his car. It is not enough in this case that the act of John Hoyer in taking said car, if he did take it, was wrongful and unlawful; and plaintiff must go further, and prove there was a theft of the car by the said John Hoyer."

This instruction is written wholly on the assumption that John Hoyer was the person who took this car. The question of whether or not he was such person was a question for the jury, and the court had no right to assume, as it did in the first part of the instruction, that John Hoyer was the person who took this car.

To state it in another way, the plaintiff had made a prima-facie case here by showing the loss of his car without his knowledge or consent, and defendant asserted that John Hoyer was the person who took the car, but he had no intention to steal it when he took it. If the defendant failed to make good on this

contention, then plaintiff's prima-facie case has not been met and overcome; hence the instruction which seemed to limit the plaintiff's right to recover to the question of whether John Hoyer had an intent to permanently deprive Tullar of his car is erroneous, because, as said, if the defendant failed to make good on its contention as to John Hoyer's being the party who took this car, the plaintiff would then be in a position where he was entitled to a recovery upon his prima-facie case already made.

We think the instructions, as given, are prejudicial to the rights of the plaintiff, and the motion for a new trial should have been sustained.

Some other questions are raised, but as they are not likely to arise on a retrial, we do not pass on them.—Reversed.

FAVILLE, C. J., and STEVENS, DE GRAFF, and WAGNER, JJ., concur.