GLEN M. WHISLER, doing business as WHISLER CHEVROLET GARAGE, Appellee, v. HOME INSURANCE COMPANY of New York, Appellant.

No. 44059.

202

DECEMBER 14, 1937.

Keenan, Clovis & Sar, for appellant.

Ferguson & Ferguson, for appellee.

MITCHELL, J.—Glen M. Whisler, doing business under the name of Whisler Chevrolet Garage, commenced an action in two counts against the Home Insurance Company of New York, alleging in each count that the company wrote a theft insurance policy covering any loss he might suffer because of cars that he owned being stolen. Count One claims damage in the amount of $394.16 because of damage to a Chevrolet automobile that was stolen; Count Two claims damage in the amount of $70.72 because of a Ford automobile that was stolen.

There was a trial to the jury, which returned a verdict for the amounts prayed, and the Insurance Company has appealed.

Whisler was engaged in the automobile business at Hamburg. He sold both new and used cars to people living on the Pacific Coast, and would drive them overland in caravans.

In November of 1934, he started for Seattle, Washington, to deliver certain cars he had sold. There were eight cars, driven in pairs of two, the rear car being attached to the front so that one driver could transport both of the cars. The first stop was at Omaha, Nebraska. From there they went to Schuyler, where a man by the name of Harry Brown got into the car that Whisler was driving. Brown was not an employee, and as far as this record shows, was simply going along for the ride. When

they reached Grand Island they stopped at a filling station to service the cars and Whisler went into the office. A little later on one of his men came into the station and reported that two of the cars were gone. This was at about four o'clock in the afternoon. A search around the town was made, the police were notified, and the state police department at Lincoln was called and broadcast a description of the car, asking that officers be on the lookout for same. At about 7:30 in the evening the police at Central City, Nebraska, about twenty miles from Grand Island, reported that they had located the automobiles.

Whisler notified the insurance company of the loss. It refused to pay the amount claimed and denied that the cars had been stolen. As a result this lawsuit occurred.

That the insurance company wrote the theft policy sued upon and that the premium required was duly paid is admitted. It is the contention of the appellant that Brown was intoxicated and could not, therefore, have stolen the cars. There is evidence in the record that he had been drinking, but there is also evidence that he was not intoxicated. The question as to his condition was one which was properly left to the jury to decide.

One of the complaints urged by appellant is that it was not permitted to ascertain from witnesses the condition of Brown at the time the cars were wrecked near Central City. It appears that Brown drove the cars from Grand Island to Central City, a distance of some miles, and when in or near that city ran into the rear of a truck. The evidence that was excluded was not evidence of Brown's condition at the time he was claimed to have stolen the cars, but rather covered his condition later. Just how long after he stole the cars the wreck occurred does not appear in the record, but it must have been a matter of an hour or perhaps more. Whether the evidence should have been admitted or not, we do not pass upon. In view of the record before us, the excluding of it could not be considered prejudicial, and certainly would not justify this court in reversing the case.

The appellant complains bitterly of certain instructions given.

Taking the instructions as a whole—and that is the way they must be considered—we find the court correctly instructed the jury.

In the case of Tullar v. New York Underwriters Insurance Company, 214 Iowa 166, 239 N. W. 534, 535, Justice Albert, speaking for the court, said at page 168:

"In the case of Weir v. Central National Fire Insurance Co., 194 Iowa 446, 189 N. W. 794, we had a similar proposition under a similar policy. With reference to the plaintiff's right to recover we said:

" 'In order for him to recover, it would have been enough for him to show by a preponderance of the evidence that the car was deposited or left in the shop by him or by his agent, and that, the next morning, it was gone or had disappeared, without the knowledge or authority or agency of anyone authorized to permit it. Such circumstances would have given rise to a presumption of theft by someone, and in the absence of evidence otherwise explanatory of the disappearance of the car, it would entitle the owner to recover on his insurance policy against theft.'

"This seems to be a correct statement of the rule in relation to such a situation. See Corporation of Royal Exchange Assurance of London v. Puckett (Tex. Civ. App.), 246 S. W. 705; Price v. Royal Ins. Co. Ltd. of Liverpool, 119 Wash. 93, 204 Pac. 803, 24 A. L. R. 731; Bird v. St. Paul Fire & Marine Ins. Co., 218 Mich. 266, 187 N. W. 265; Blashfield, Encyclopedia of Automobile Law, Vol. 3, page 2612; State v. Manly, 211 Iowa 1043, 233 N. W. 110; State v. Huss, 210 Iowa 1317, 232 N. W. 692.

"In short, when the plaintiff establishes the fact that the car was gone from the place where he left it, without his knowledge or consent, the law raises a rebuttable presumption that whoever took it did so with intent to steal the same, and when the plaintiff has established such facts, he has made a prima-facie case. The defendant is thereupon called upon to overcome such presumption with his evidence if possible."

This record shows there was undisputed proof that at Grand Island Brown took these cars without the knowledge or consent of appellee. There is no evidence that he intended to return the cars. The question was a matter for the jury and it was properly submitted.

■■■ Appellant also complains that the court erred in not admitting a certain letter written by an attorney who at one

time represented appellee. It was simply a statement to the insurance company of the claim made against it, and an attempt to adjust the loss without litigation. The amount involved was not large. Naturally Whisler desired to adjust or settle this without the expense of litigation if it could be done, and the letter was purely an offer to adjust, and, as such, was not admissible.

Some other objections are raised, all of which have been given careful consideration. The company wrote the policy. The premium it required was paid. The question of whether or not the cars were stolen, under the record submitted, was clearly one for the jury.

Motion to dismiss, which was submitted with the case, is overruled.

It necessarily follows the case must be, and it is hereby, affirmed.—Affirmed.

HAMILTON, C. J., and ANDERSON, KINTZINGER, DONEGAN, STIGER, and SAGER, JJ., concur.