## 27810. FELDER *v.* THE STATE.

DECIDED SEPTEMBER 22, 1939.

*Jule Felton,* for plaintiff in error.

*Allan C. Garden, solicitor-general,* contra.

GUERRY, J. The defendant was charged with larceny from the house of three crockery bowls and two saucers, alleged to be the property of the wife of the prosecutor. The evidence for the State showed that the defendant was employed by the prosecutor as a servant and cook in the home. She was discharged from such service at the end of the week, December 15, 1938. On December 23, the prosecutor, in company with the officers of the law, searched the home of the defendant and there found the articles named above. Mrs. Mims, the wife of the prosecutor and the owner of the property, did not testify. The prosecutor testified: "I am not in a position to say whether or not the defendant used the crockery in question to carry her meals home, while she was cooking for us." The defendant admitted that the bowls and saucers belonged to Mrs. Mims, but stated: "I used them to carry my meals home, as we usually do. It was my purpose to return them. They arrested me the day I quit work."

Intent to steal is an essential element of the crime charged. Such intent must be shown to have been present at the time the goods were taken from the house. The crockery was alleged to be the property of Mrs. Mims. The defendant cooked for Mrs. Mims. She stated that she carried the dishes to her home with her meals in them, "as we usually do." There was no evidence on the part of the State that such custom was objected to by the owner of the property, or was unknown to the owner. If such taking was with the consent of the owner, the crime of larceny from the house was not made out. If, after the defendant had carried the dishes to her home, and not before, she formed the intent to keep them, and did wrongfully convert them to her own use, a different question would be presented. See *O'Bannon* v. *State,* 76 *Ga.* 29; *Abrams* v. *State,* 121 *Ga.* 170 (4) (48 S. E. 965).

While it is true that "where larceny is charged and a *taking* [italics ours] is shown, the jury must necessarily be the exclusive judges of the intention which actuated the accused in the asportation" (*Adams* v. *State,* 12 *Ga. App.* 808, 78 S. E. 473, and cit.), it is still incumbent on the State to show that the taking was with-

out the consent of the owner. It is true that the State introduced evidence that the defendant was in possession of certain trinkets of jewelry which belonged to other persons who were living in the house at the same time; and while such evidence was admissible for the purpose of proving an intent to steal in the present case (see *Scott* v. *State*, 46 *Ga. App.* 213, 167 S. E. 210), it did not relieve the State of the burden of showing that whatever *taking* was done, was done without the consent of the owner and with intent to steal. Where proof of possession of *stolen* property is relied on to support a conviction, among other necessary things to be proved is the fact that there was a larceny, or that the property was stolen property. The recent, unexplained possession of *stolen* property may be sufficient to authorize a conviction. The fact that the property which was in the possession of the defendant was stolen was essential to a conviction. If the taking of it, as contended by the defendant, was with the express or implied consent of the owner, the animus furandi was lacking. The evidence for the State failed to negative such contention. Although the court may have fully covered the law in his charge to the jury with respect to the criminal intent in the taking of goods alleged to have been stolen (and we assume that such was the case here, as no complaint is made as to the charge in that respect), whether charged or not, the evidence must be sufficient to show that the defendant took the bowls and plates from the house with the intent to steal them. See *Glaze* v. *State*, 2 *Ga. App.* 704, 710 (58 S. E. 1126). The State in the present case failed to show that the taking of the goods which were found in the possession of the defendant was without the knowledge and consent of the owner. Until this fact is shown the larceny itself is not shown. The recent possession of the crockery is not alone sufficient to convict. It must also be shown that the bowls and saucers were stolen from the owner. The testimony of the only witness for the State on this question was insufficient to show that the taking was without the consent of the owner.

In view of the decision in respect to the general grounds it becomes unnecessary to pass on the special assignments with reference to the charge of the court.

*Judgment reversed. MacIntyre, J., concurs. Broyles, C. J., dissents.*

Broyles, C. J., dissenting. I think that the evidence amply authorized the jury to find that the property found in the recent possession of the defendant was stolen by her. She introduced no evidence, and her mere statement that she had borrowed the property and did not steal it, was evidently rejected by the jury, as was their right.