### 29111. GAINES *v.* THE STATE.

DECIDED SEPTEMBER 12, 1941.

*William L. Hailey, A. S. Skelton,* for plaintiff in error.

*R. Howard Gordon, solicitor-general,* contra.

BROYLES, C. J. The defendant was tried on an indictment charging larceny from the house, and was convicted of simple larceny. His motion for new trial containing only the usual general grounds was overruled and that judgment is assigned as error. The undisputed evidence disclosed that the accused, while his wife was absent, opened her trunk, in Hart County, Georgia, and took forty dollars in money belonging to her and carried the money to South Carolina. The wife swore out a warrant against him, and the sheriff of Hart County arrested him in South Carolina. When arrested he had twenty-five dollars on his person which he told the sheriff he had taken out of his wife's trunk and that it was his wife's money. He also told the sheriff that he took the money because he was going off to get a job and had no money, and that he was going to send the money back to his wife. The defendant in his statement to the jury admitted taking the money without the knowledge or consent of his wife, but stated that he was planning to go away and had no money and knew it would be all right for him to take the money and write her "where I was at." He also added: "When I left she got excited and scared and had me brought back. I intended to come back."

The only question in the case is whether the defendant took the money with the intent to steal it, and that question was for the jury to determine. *Johnson* v. *State,* 9 *Ga. App.* 409 (3) (71 S. E. 507); *Adams* v. *State,* 12 *Ga. App.* 808 (78 S. E. 473). In this case the evidence was sufficient to authorize the jury to find that the defendant took the money with the intent to steal it, and that the taking was without the consent or knowledge of his wife. The fact that the sheriff testified that he did not know of his own knowledge whether the wife had given the defendant permission to take the trunk (which contained the money taken by him) is immaterial. The circumstantial evidence was sufficient to show, to the exclusion of every other reasonable hypothesis, that he took the trunk and the money without the consent of his wife, and he virtually so admitted in his statement to the jury.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*