## 48749. HAWKINS v. THE STATE.

Deen, Judge. 1. Theft by taking consists in an unlawful appropriation of property with the intention of depriving the true owner. Code Ann. § 26-1802. Larceny is completed when there is an asportation, however slight, and although the goods are not removed from the land of the owner. *Stanley v. State,* 97 Ga. App. 828 (104 SE2d 591).

2. Where the defendant was indicted for theft and it was proved that he entered a piece of heavy machinery belonging to the prosecutor and left overnight at a construction site, cranked it up, drove about 2,000 feet and abandoned it when it became mired in a mudhole, the jury, if they believed these acts were done with the intention of appropriating the machine to the defendant's possession, and depriving the owner thereof, may find him guilty of theft by taking. The defendant's sworn testimony, if believed, would not have made out the crime of theft by taking, in that the defendant testified he was angry with the owner and wanted to injure the machine because the owner had caused him a time loss on some of his own machinery. Considering the size of the equipment appropriated, and the fact that the defendant knew he was seen starting it and driving it away, plus the fact that it was cumbersome and certainly difficult to conceal, the defendant's explanation of his actions seems highly believable, and if true, should have resulted in his acquittal of the crime charged. Nevertheless, this case is here on the general grounds only, and unless this court is authorized to find as a matter of law that there was no animus furandi, we cannot interfere with the conviction.

3. In *Adams v. State,* 12 Ga. App. 808 (78 SE 473) it was held: "There is one view of the evidence for the State which strongly supports the conclusion that the accused, if guilty of any offense whatever,

intended only to use the prosecutor's mule without the knowledge or consent of the prosecutor, and if the jury had taken this view the defendant should have been acquitted. However, where larceny is charged and a taking is shown, the jury must necessarily be the exclusive judges of the intention which actuated the accused in the asportation. . . . Though the circumstances evidencing the animus furandi are weak, this court can not hold them to be legally insufficient" in passing on the defendant's credibility, to sustain a finding that his intent was to steal.

*Judgment affirmed. Quillian, J., concurs. Bell, C. J., concurs in the judgment only.*

SUBMITTED NOVEMBER 5, 1973 — DECIDED NOVEMBER 21, 1973.

*McWhorter & Steinberg, Leonard N. Steinberg,* for appellant.
*William H. Ison, District Attorney, Robert E. Keller,* for appellee.