A93A0101. MOORE v. THE STATE.
(430 SE2d 835)

McMurray, Presiding Judge.

Defendant was charged, via accusation, with theft by taking in that she "did unlawfully take one bottle of Benadryle Elixir, and one bottle of Tylenol Elixir, the propert[y] of Winn Dixie valued at $6.85, with the intention of depriving said owner of said property[.]" The evidence adduced at a bench trial revealed that defendant concealed

two bottles of cough syrup in her purse or in her clothing while shopping at a Winn Dixie grocery store in Douglas, Georgia.

Defendant was found guilty of theft by taking. This appeal followed. *Held*:

Defendant asserts the general grounds, arguing there is insufficient evidence to authorize a finding that she appropriated the store's property via concealment.

"A person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated." OCGA § 16-8-2. "Larceny is completed when there is an asportation, however slight, and although the goods are not removed from the land of the owner. *Stanley v. State*, 97 Ga. App. 828 (104 SE2d 591)." *Hawkins v. State*, 130 Ga. App. 277 (1) (202 SE2d 837).

In the case sub judice, William Glen Moran III, a manager at the Winn Dixie grocery store in Douglas, Georgia, testified that he observed defendant take two bottles of medicine ("Tylenol and Dimmetap cough syrup") from a shelf, carry the medicine to the soft drink aisle and then begin moving her hands "like she was putting something in somewhere. . . ." Moran testified that he could not view defendant's hands from his perspective, but that when defendant "come up with her hands the merchandise was gone." Moran testified that he immediately checked the area of the soft drink aisle where defendant was standing and that he did not find the medicine he saw defendant carrying a few moments earlier. Moran further testified that he followed defendant, keeping "her in eyesight all the way to the cash register," and that defendant turned and fled ("a fast paced walk") into the store as he and another store manager watched her in the check-out line. Carl Leyse, the other store manager, testified that he observed defendant flee into another part of the store from the check-out line; that he observed a Winn Dixie employee follow defendant and that he observed the pursuing store employee retrieve the type of medicine defendant was seen carrying earlier on a shelf (designated for baby diapers) adjacent to defendant's path of flight. Leyse testified that he stopped defendant and asked, " 'What are you doing?' " Defendant responded, " 'I ain't stole no damn things and I'm going to sue you[.]' " This evidence is sufficient to authorize the trial court's finding that defendant assumed control of Winn Dixie's merchandise by concealment and that defendant is guilty, beyond a reasonable doubt, of theft by taking as alleged in the accusation. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED APRIL 9, 1993.

*Dewey N. Hayes, Jr.*, for appellant.
*Rebecca L. Sims, Solicitor*, for appellee.