## A96A1638. DORILLAS v. THE STATE.
(480 SE2d 351)

RUFFIN, Judge.

Pascal Dorillas appeals from his convictions for theft by taking and false imprisonment. For reasons which follow, we affirm.

1. In his first enumeration of error, Dorillas argues that the trial court erred in not striking for cause two prospective jurors. We disagree.

(a) Dorillas claims that the first juror's responses during voir dire revealed a bias towards the State. Although initially concerned that past experiences would affect her impartiality, this juror indicated upon further questioning that she thought she could put those experiences aside and act objectively. The juror engaged in the following dialogue with the trial court: "The Court: The question, however, is basically could you, as a member of this jury, . . . consider this case and make a decision based upon the evidence that you hear in this case in this courtroom and my instructions to you as to the law, as opposed to having your, your decisions in this case dictated by previous feelings on things that are not related to this case? [The Juror]: I'd have to think about it. I think that I could, yes."

"Before a juror can be disqualified for cause, it must be shown that an opinion held by the potential juror is so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evi-

dence." *Johnson v. State*, 262 Ga. 652, 653 (2) (424 SE2d 271) (1993). " 'The fact that a potential juror may have some doubt as to his impartiality, or complete freedom from all bias, does not demand, as a matter of law that the juror be excused for cause.' . . . [Cit.]" *Wilson v. State*, 220 Ga. App. 487, 488 (1) (469 SE2d 516) (1996). We will not reverse a trial court's refusal to strike a juror for cause absent manifest abuse of discretion. *Scott v. State*, 193 Ga. App. 577, 578 (2) (388 SE2d 416) (1989).

In this case, the juror admitted some doubt about her impartiality, but finally stated that she thought she could be objective. As shown through voir dire, the juror's opinions were not so "fixed and definite" as to prevent her from deciding the case based upon the evidence and the trial court's instructions. Under these circumstances, the trial court's refusal to strike this juror for cause was not an abuse of discretion. See *Scott*, supra.

(b) Dorillas also argues that the trial court should have excused a second juror because of health problems. During voir dire, this juror indicated that she wanted to serve on the jury and viewed jury service as a privilege, but thought she might not be effective. In particular, she expressed concern that she would have to reschedule a checkup with her cardiologist, whom she had visited every four months since suffering a heart attack four years earlier. Before reporting for jury duty, she was also concerned that the courtroom would not be properly air conditioned. She agreed during voir dire, however, that she was no longer worried about the temperature in the courtroom.

Whether to excuse a juror for hardship lies within the trial court's discretion. *Wilson*, supra at 489. Nothing in the record indicates that this juror was unable to reschedule her doctor's appointment or that her health was at risk. Furthermore, the record reveals no inability on her part to follow the evidence and be fair and impartial. The juror served without apparent difficulty, and there is no evidence that she rushed to judgment. Accordingly, we find no abuse in the trial court's refusal to strike this juror for cause. Id.

2. In his second enumeration of error, Dorillas argues that the evidence was insufficient to support his convictions for theft by taking and false imprisonment. We disagree.

A person commits the offense of theft by taking "when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated." OCGA § 16-8-2. False imprisonment results when, "in violation of the personal liberty of another, [an individual] arrests, confines, or detains [that] person without legal authority." OCGA § 16-5-41 (a). On appeal, Dorillas' conviction will be upheld if

the evidence, construed favorably to the verdict, was sufficient to authorize the jury to find him guilty beyond a reasonable doubt of these offenses. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Williams v. State*, 208 Ga. App. 460 (1) (431 SE2d 130) (1993).

Viewed favorably to the verdict, the evidence presented at trial showed as follows. One afternoon, Dorillas and Theron Christie entered the Gun Corral, a gun shop in DeKalb County, purportedly to purchase ammunition. Doug Hall, manager of the Gun Corral, was working alone that afternoon. Hall retrieved the ammunition and had begun ringing up the sale when Dorillas jumped over the counter, put a gun to Hall's chest, and backed him into a corner. Hall recognized Dorillas' gun as a custom-made competition pistol that was stolen from the shop the day before.

Although Dorillas told Hall not to "try anything," Hall grabbed Dorillas' weapon with one hand and drew his own .45 caliber gun with his other hand. The two struggled for Hall's gun, which discharged one bullet into the store cash register. During the struggle, Christie ran out of the store, but was called back by Dorillas. Christie returned, jumped over the counter, and helped disarm and subdue Hall. Dorillas bound Hall's hands and ankles with duct tape and explained that he and Christie were "just going to get the guns and get out of here." Dorillas instructed Christie to "go get the guns" and then left Hall in the store's back room.

After Dorillas left the back room, Hall heard cabinet doors opening, as well as Dorillas and Christie talking in hurried tones. Next, he heard police enter the shop and tell Dorillas and Christie to lie down on the floor. At that point, Hall freed himself from the duct tape and emerged from the back room. Hall noticed that the store's gun cases were empty, ammunition boxes were in disarray, and two bags were on the floor next to Dorillas and Christie. These bags were filled with guns and ammunition.

The police had been called by the merchant next door, who saw Dorillas and Christie enter the Gun Corral and, within 30 seconds, heard a "commotion" and a gunshot. The merchant asked his partner to call the police, who reported quickly to the scene and found Dorillas and Christie in the shop. When confronted by police, Dorillas began to pull the .45 caliber handgun belonging to Hall out of his pocket, but was quickly subdued by the officers. Police also found an unloaded gun on Christie.

From this evidence, the jury was authorized to find Dorillas guilty beyond a reasonable doubt of theft by taking. *Jackson*, supra; *Moore v. State*, 208 Ga. App. 458 (430 SE2d 835) (1993). We similarly find the evidence sufficient to authorize Dorillas' conviction, beyond a reasonable doubt, of the false imprisonment of Hall. *Jackson*, supra.

3. In his brief, Dorillas also claims that his felony sentence for theft by taking was unsupported because the record did not establish the value of any firearm taken at more than $500. Dorillas, however, failed to enumerate this claim as error. " 'It is the basic appellate practice that error argued in the brief but not enumerated as error will not be considered on appeal. (Cit.)' " *Strickland v. State*, 221 Ga. App. 120, 121 (1) (470 SE2d 508) (1996). Furthermore, we note that pursuant to OCGA § 16-8-12 (a) (5), theft of a firearm is punishable as a felony.

*Judgment affirmed. Johnson, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JANUARY 23, 1997.

*Peters, Roberts, Borsuk & Taylor, Lynne Y. Borsuk, Linda A. Pace*, for appellant.

*J. Tom Morgan, District Attorney, Jeanne M. Canavan, Desiree S. Peagler, Assistant District Attorneys*, for appellee.