## A97A0641. TUCKER v. THE STATE.
(484 SE2d 793)

McMURRAY, Presiding Judge.

Defendant was charged in an indictment with false imprisonment, terroristic threats, and battery for acts committed against his wife ("the victim") on June 8, 1995. The trial court directed a verdict of acquittal as to the charge of terroristic threats. The jury acquitted defendant of the false imprisonment charge but found him guilty of battery. Viewing the evidence to uphold the jury's verdict of guilty, the victim affirmed that her seven-year marriage to defendant was "rather rocky." "The last home [they] had was February of '94." Thus, they would stay with defendant's relatives or the victim's mother.

On the day in question, the victim and defendant "had an argument about [the victim] stopping the night before and speaking to a mutual friend. . . ." The victim told defendant that she was not going to live like that anymore; that she wanted a divorce; and that she would be leaving and taking their daughter to her (the victim's) mother's house. Defendant was calm as he helped the victim gather

her things and then drove her to her mother's. "Maybe two hours later, . . . he approached [the victim] on Alabama Highway, . . . traveling [in] the same direction. [The victim] was going to [her] mother's house, and he [defendant] motioned for [her] to pull over." Defendant was now "[v]ery agitated." In front of their six-year-old daughter, defendant "was accusing [the victim] of having a boyfriend." Defendant got out of his car, approached the victim and brutally beat her face and eye with his fist. He "just started punching — just punched — just kept punching and kept punching and kept punching." In all, defendant struck his wife with a closed fist seven or eight times. The victim was sitting in her vehicle, where "there's nowhere to hide or lean out of the way. . . ." Photographs taken by Officer Carl Lively of the Floyd County Police Department depict the victim's face as bruised and swollen and her right eye deeply blackened. "It was swollen and red, like a blood red. She had some scrape marks . . . on her shoulder going down onto her back." The victim "also had some red marks on her neck . . . that went around onto the front that were apparently from a hand, . . . choke marks."

The trial court sentenced defendant to serve 12 months as a misdemeanant. The instant appeal marks the return of this case to the Court of Appeals, following a remand in order to hear defendant's motion to correct the record. *Held*:

1. Although not enumerated, we find the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) to authorize the jury's verdict that defendant is guilty, beyond a reasonable doubt, of battery for intentionally causing his wife visible bodily harm as alleged in Count 3 of the indictment. OCGA § 16-5-23.1 (a).

2. Defendant's first enumeration of error contends his character was improperly placed in issue "during the State's case-in-chief where the victim testified, [allegedly] in direct violation of the trial court's previous [grant of a motion in limine], that [defendant] was on probation."

Scrutiny of the record, however, reveals that the offending reference to defendant's probation came during defendant's cross-examination of the victim, in response to defendant's own open-ended questioning. "Thus, error, if any, was self-induced and provides no basis for reversal. *Bess v. State*, 187 Ga. App. 185, 189 (5) (369 SE2d 784) (1988)." *Fitzgerald v. State*, 193 Ga. App. 76, 77 (7), 78 (386 SE2d 914). Moreover, in the case sub judice, defendant declined the trial court's offer of curative instructions. "We find no error. See *Riley v. State*, 181 Ga. App. 667, 669 (2) (353 SE2d 598) (1987)." Id. at 78 (8).

3. The trial court instructed the jury on simple battery as a lesser offense included within the indicted offense of battery, and further charged the jurors they may consider whether the victim's

alleged opprobrious or abusive language amounted to "justification for simple battery." Defendant's second and third enumerations nevertheless complain that this charge was argumentative and failed to define or explain defendant's sole defense of justification.

Defendant's sole conviction was for the indicted, i.e., greater offense of misdemeanor battery under OCGA § 16-5-23.1 (a). "Conviction of the greater offense renders harmless any error, although we find none, in the charge as given for the lesser included offense of [simple battery, OCGA § 16-5-23 (a)]. 'In this case no injury resulted, because the jury found the accused guilty of ([battery under OCGA § 16-5-23.1 (a)] and that verdict is supported by sufficient competent evidence). If the jury had found the accused guilty of [simple battery under OCGA § 16-5-23 (a)], there would be room for complaint of the (allegedly) inappropriate instructions.' *Smith v. State*, 8 Ga. App. 680, 682 (2) (70 SE 42) (1911)." *Rodriguez v. State*, 211 Ga. App. 256 (1), 257 (439 SE2d 510). Consequently, these enumerations are without merit.

4. The fourth enumeration contends defendant was denied a fair trial because he was prosecuted on Count 2 of the indictment, terroristic threats, "even though the assistant district attorney knew that no prima facie case existed." He argues the State admitted that this felony count was pursued as part of a strategy to impugn the character of defendant. We disagree.

First, there is considerable doubt whether defendant preserved any objection on these grounds. We are not affirmatively shown on the record precisely where defendant made any contemporaneous objection or motion for mistrial. Moreover, a careful reading of the record reveals that the only "strategical decision . . ." to which the State admitted was the merit of defendant's motion for directed verdict of acquittal to the charge of terroristic threats. But this was only because the State's attorney decided not to place defendant's daughter on the stand to testify whether she witnessed any beating or choking of her mother at the hands of her father. In our view, this circumstance does not constitute evidence of prosecutorial misconduct. Nor can we perceive how defendant has sustained any harm from the *grant* of a directed verdict of acquittal on the charge of terroristic threats. This enumeration is without merit.

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED MARCH 27, 1997.

*Gammon & Anderson, W. Wright Gammon, Jr.*, for appellant.

*Stephen F. Lanier, District Attorney, Forrest K. Shealy, Assistant District Attorney*, for appellee.