A99A1790. CEASAR v. THE STATE.
(521 SE2d 866)

JOHNSON, Chief Judge.

Joe Ceasar appeals his conviction for aggravated child molestation. For reasons which follow, we affirm.

1. Viewed in a light most favorable to support the verdict, the evidence shows that Ceasar lived with the ten-year-old victim, her mother and her two sisters in 1995 and 1996. In April 1996, the victim was taken to the emergency room for complaints of back pain. A follow-up pediatric examination revealed that the victim had a large vaginal opening and no hymen, a finding consistent with sexual activity. Further examination and testing revealed that she had been infected with trichomoniasis, a sexually transmitted disease.

The victim's mother reported the doctor's findings to the police. The victim then told her mother, police officers and a Department of Family & Children Services caseworker that Ceasar had sexual intercourse with her. The victim also related what happened to her at trial. According to the victim, Ceasar would have intercourse with her while her mother was asleep or away from home. This would occur in the victim's bed, despite the fact that her two sisters slept with her. Ceasar threatened to hurt her mother or sisters if the victim told anyone and bribed the victim with small amounts of cash. The victim never indicated that anyone other than Ceasar engaged in sexual intercourse with her.

The victim's mother testified that Ceasar infected her with gonorrhea and treated himself with some "black market" medicine. Expert testimony revealed that an individual could be a carrier of multiple sexually transmitted diseases and could pass on one or more

diseases to another person.

The state also presented evidence of a prior similar criminal transaction. In 1985, Ceasar fondled the breasts and vaginal area of another girlfriend's eight-year-old daughter. The victim's brother was sleeping in the same room and moved around in his bed to distract Ceasar from continuing until his mother returned home. When the victim's mother returned home, she was told what occurred and left again to call police, but Ceasar once again began fondling the victim even though she was now in bed with her brother. Upon her return, the mother discovered Ceasar coming from the children's bedroom. Ceasar was arrested, but the case was never prosecuted allegedly due to prosecutorial misconduct.

The evidence in the present case was sufficient for a rational trier of fact to find Ceasar guilty beyond a reasonable doubt of aggravated child molestation. See *Swift v. State*, 229 Ga. App. 772 (1) (495 SE2d 109) (1997); *Ross v. State*, 202 Ga. App. 12, 14 (1) (413 SE2d 207) (1991); *Miles v. State*, 201 Ga. App. 568, 570 (9) (411 SE2d 566) (1991). Contrary to Ceasar's argument, the state did not need to present evidence that Ceasar was infected with trichomoniasis. The evidence showed that Ceasar had access and opportunity to have sex with the victim, that he was the only person who had intercourse with the victim, that he had given the mother a sexually transmitted disease, that he threatened and bribed the victim to remain quiet, and that he had previously fondled a child while she was in the same bed as her brother. The jury was authorized from the evidence to conclude that Ceasar had sex with the victim and gave the victim the sexually transmitted disease.

2. Ceasar contends the trial court erred by charging the jury with the entire Code section defining aggravated child molestation when he was charged in the indictment with committing aggravated child molestation only by causing the victim to contract a sexually transmitted disease. This contention lacks merit.

A person commits the act of aggravated child molestation when he commits an offense of child molestation which physically injures the child or involves an act of sodomy. OCGA § 16-6-4 (c). In the present case, Ceasar was indicted for committing aggravated child molestation by placing his penis into the pubic area of the victim, causing physical injury to the victim by causing her to contract a sexually transmitted disease.

The trial court began its charge to the jury by reading the indictment. It then charged the jury that a person commits the offense of aggravated child molestation when he does any immoral or indecent act to or with any child under the age of 14 years with the intent to arouse or satisfy the sexual desires of the person and the act physically injures the child. After this definition, the trial court once again

specifically limited the jury's consideration to the charges alleged in the indictment before it. We find no error.

Contrary to Ceasar's allegation, the trial court did not charge the entire Code section on aggravated child molestation. Specifically, the charge given did not include an instruction that aggravated child molestation may also be proven if the offense of child molestation included an act of sodomy. See OCGA § 16-6-4 (c). The trial court properly charged the portion of the aggravated child molestation statute which applied in this case: causing physical injury to the child. It had already read the indictment to the jury, so the jury was aware that the state alleged Ceasar caused physical injury to the victim by causing her to contract a sexually transmitted disease. The court also stated on at least two occasions that Ceasar must be found guilty of aggravated child molestation "as charged in the indictment."

Jury instructions must be read and considered as a whole in determining whether a charge contained error. *Roker v. State*, 262 Ga. 220, 222 (4) (416 SE2d 281) (1992). Reading the jury instructions as a whole in the present case, no danger existed that the charge could mislead the jury into believing that it could convict Ceasar of aggravated child molestation based on acts not charged in the indictment. See *Hilliard v. State*, 226 Ga. App. 478, 483 (2) (487 SE2d 81) (1997); *McClain v. State*, 220 Ga. App. 474, 475 (2) (469 SE2d 756) (1996). The trial court read the indictment, instructed the jury that the state bore the burden of proving "every material allegation of the indictment," and instructed the jury that it could convict only if it found beyond a reasonable doubt that Ceasar committed the offense of aggravated child molestation as charged in the indictment. Therefore, Ceasar's reliance on *Dukes v. State*, 265 Ga. 422 (457 SE2d 556) (1995), and *Perguson v. State*, 221 Ga. App. 212, 213-215 (1) (470 SE2d 909) (1996), is misplaced.

*Judgment affirmed. McMurray, P. J., and Miller, J., concur.*

DECIDED AUGUST 30, 1999.

*Willie C. Weaver*, for appellant.
*Kenneth B. Hodges III, District Attorney, Gregory W. Edwards, Assistant District Attorney*, for appellee.