## A99A1528. SALAHUDDIN v. THE STATE.
### (525 SE2d 422)

RUFFIN, Judge.

Four bystanders were shot during a gun battle in the crowded parking lot of a Fulton County nightclub. Elijah Salahuddin, one of the gunmen, was charged with four counts of aggravated assault and was convicted on three of those counts. He asserts numerous errors on appeal, all of which we reject.

1. First, Salahuddin contends that the trial court's jury instruction on aggravated assault erroneously apprised the jury that the crime could be committed in a manner different from that charged in the indictment. The indictment charged Salahuddin with assaulting each of the four victims by shooting them with a pistol. The contested jury charge was as follows:

> I charge you that an assault is an attempt to commit a violent injury to the person of another or an act which places another person in reasonable apprehension of immediately receiving a violent injury. I charge you that a person commits aggravated assault when he assaults another person with a deadly weapon. . . . I charge you that deliberately firing a gun in the direction of a human being raises no issue of accident or misfortune when the charge is aggravated assault. I charge you that intent to injure is not an element of aggravated assault with a deadly weapon.

According to Salahuddin, the charge allowed the jury to conclude that he was guilty of aggravated assault even though he may have only shot *at* the victims, without actually hitting them. Thus, Salahuddin contends that the jury charge impermissibly expanded the indictment. The error was particularly prejudicial, according to Salahuddin, because one of his defenses at trial was that someone else's bullets — and not his — struck the victims. Although we agree with Salahuddin that part of the trial court's jury instruction was unnecessary and potentially confusing, we find no error in the charge as a whole.

Under Georgia law, a due process violation may occur when an indictment charges the defendant with committing a crime in a specific manner, but the trial court instructs the jury that the crime may be committed in a different manner.[1] If there was evidence at trial to support a conviction on the manner of committing the crime *not* stated in the indictment, and the trial court did not instruct the jury to limit its consideration to the manner alleged in the indictment, then the defendant's conviction must be reversed.[2]

The crime of aggravated assault consists of an assault coupled with a statutory aggravating factor.[3] Under OCGA § 16-5-21 (a), an aggravated assault occurs when a person commits an assault either (1) with the intent to murder, rape, or rob; (2) with a deadly weapon; or (3) by discharging a firearm from within a moving vehicle toward a person. Here, the indictment charged Salahuddin with aggravated assault by the second method — i.e., "shooting," or using a deadly weapon[4] — and the trial court instructed the jury on that same method. But the jury charge also included the definition of *simple* assault, which is either (1) an attempt to commit a violent injury to the person of another or (2) an act that places another in reasonable apprehension of immediately receiving a violent injury.[5]

The simple assault instruction was superfluous and potentially misleading. "[T]he meaning of 'assault' in aggravated assault is not at all equivalent to the definition of simple assault" in OCGA § 16-5-20 (a).[6] This is particularly true where, as here, the indictment alleges a completed act of violence. Salahuddin was charged with actually shooting the victims, not with merely *attempting* to shoot them or with placing them in *fear* of being shot. Thus, the State had

[1] *Harwell v. State*, 270 Ga. 765, 766 (1) (512 SE2d 892) (1999).
[2] Id.; *Dukes v. State*, 265 Ga. 422, 424 (457 SE2d 556) (1995).
[3] See *King v. State*, 178 Ga. App. 343, 344 (1) (343 SE2d 401) (1986).
[4] See *Rushin v. State*, 180 Ga. App. 276 (1) (348 SE2d 910) (1986) (indictment alleging aggravated assault by "shooting" charged defendant with violating OCGA § 16-5-21 (a) (2) — assault with deadly weapon).
[5] OCGA § 16-5-20 (a).
[6] *Zachery v. State*, 158 Ga. App. 448, 450 (3) (280 SE2d 860) (1981).

to prove that Salahuddin actually shot the victims.[7] The trial court's simple assault instruction, however, suggested that Salahuddin could be found guilty even if he did not shoot the victims, as alleged in the indictment, but merely tried to shoot them or placed them in fear of being shot.

Despite this improper suggestion, the jury charge as a whole was not erroneous.[8] At the beginning of the jury instructions, the trial court read the indictment to the jurors verbatim. Later, the court told the jury that "[t]he State must prove beyond a reasonable doubt that the alleged offense or offenses were committed *in the manner charged in the indictment.*" (Emphasis supplied.) This limiting instruction informed the jury that the State had to prove that Salahuddin actually shot the victims, as charged in the indictment, and thereby cured the problem with the simple assault charge.[9]

2. Salahuddin also contends that the discrepancy between the indictment and the aggravated assault charge violated his federal constitutional rights. The State did not address this argument in its brief. Although federal law on this point differs from Georgia law, we find no federal due process violation either.

Because a defendant may be convicted only for a crime charged in the indictment, the federal due process clause prohibits the constructive amendment of an indictment to broaden the possible bases for conviction beyond what is contained in the indictment.[10] A jury instruction that constructively amends an indictment "constitutes per se reversible error because such an instruction . . . creates the possibility that the defendant may have been convicted on grounds not alleged in the indictment."[11] There is no federal due process violation, however, where the indictment simply alleges facts in excess of the elements needed to prove the charged offense.[12] Thus, for example, in *United States v. Caldwell,*[13] the United States Court of Appeals for the Sixth Circuit found no error where the indictment

---

[7] See *Elrod v. State*, 238 Ga. App. 80, 82 (2) (517 SE2d 805) (1999) (all averments in indictment "must be proved as laid" to sustain conviction).

[8] See *Ceasar v. State*, 239 Ga. App. 752 (521 SE2d 866) (1999) ("Jury instructions must be read and considered as a whole in determining whether a charge contained error.").

[9] See *Robinson v. State*, 268 Ga. 175, 176-177 (2) (486 SE2d 156) (1997). In the argument portion of his brief, Salahuddin complains that the State failed to prove that he actually shot the victims. As he did not include this argument in his enumeration of errors, we are not obligated to consider it. See, e.g., *Mackey v. State*, 235 Ga. App. 209, 210 (1) (509 SE2d 68) (1998). Having reviewed the transcript, however, we are satisfied that the evidence was sufficient for the jury to infer that Salahuddin's bullets hit the victims. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[10] *United States v. Keller*, 916 F2d 628, 633 (11th Cir. 1990).

[11] *United States v. Cancelliere*, 69 F3d 1116, 1121 (11th Cir. 1995).

[12] Id.; see also *United States v. Miller*, 471 U. S. 130, 136 (105 SC 1811, 85 LE2d 99) (1985).

[13] 176 F3d 898 (6th Cir. 1999).

alleged that the defendant manufactured more than 1,000 marijuana plants, but the trial court instructed the jury that the government did not need to establish exactly how much marijuana the defendant had grown. That is because drug quantity was not an element of the charged offense. Likewise, in this case, actual injury is not an essential element of aggravated assault under Georgia law.[14] Thus, the trial court's failure to explicitly charge the jury that it had to find that Salahuddin shot the victims was not error under federal law.

3. Next, Salahuddin challenges the trial court's charge to the jury that "it is not essential for the state to locate bullet, bullet holes, or expended shells to establish the crime of aggravated assault." According to Salahuddin, this charge improperly commented on the evidence in violation of OCGA § 17-8-57 because it told the jurors to disregard the State's failure to properly collect evidence at the scene. We squarely rejected this argument in *Willis v. State*,[15] holding that the exact instruction challenged here simply charged a point of law and was not an impermissible comment on the evidence. Thus, this enumeration lacks merit.

4. Salahuddin contends that the trial court erred in denying his motion for a mistrial after the prosecutor improperly commented on his right to remain silent. At trial, the arresting officer testified that he spoke with Salahuddin after reading him his *Miranda* rights. The prosecutor asked the arresting officer the following question: "At any point during that conversation did he say anything to the effect if he was acting in self-defense or if someone was shooting at him, did he say anything to you like that that night?" Before the officer could answer the question, Salahuddin's attorney requested a bench conference. Defense counsel then moved for a mistrial, arguing that it was prejudicial for the prosecutor to ask if Salahuddin had come forward with information. The trial court denied the motion for mistrial, but instructed the jury to disregard the question and then asked if any of the jurors would be unable to do so. None of the jurors indicated that they would have a problem disregarding the question, and one juror asked what the question was. Salahuddin then renewed his motion.

Pretermitting whether the prosecutor's unanswered question constituted an improper comment on Salahuddin's post-arrest silence, we find that the trial court did not abuse its discretion in refusing to grant a mistrial. We have held that "[i]mproper reference to a defendant's silence does not automatically require reversal."[16]

---

[14] See, e.g., *Gilbert v. State*, 209 Ga. App. 483, 484 (1) (433 SE2d 664) (1993).

[15] 214 Ga. App. 479, 481 (5) (448 SE2d 223) (1994).

[16] (Punctuation omitted.) *Ledford v. State*, 221 Ga. App. 238, 242 (4) (470 SE2d 796) (1996).

Here, the arresting officer did not even answer the allegedly improper question, diminishing greatly the possibility of any prejudice to Salahuddin. The trial court promptly gave a curative instruction to the jury and questioned them as to their ability to disregard the question. None of the jurors indicated that they could not do so. Under these circumstances, we find no error.[17]

5. Finally, Salahuddin argues that reversal is required because the trial court improperly charged the jury that they had to reach a unanimous verdict on the aggravated assault charges before they could consider whether he was guilty of any lesser included offenses. The trial court charged the jury as follows:

> Should you find the defendant not guilty of aggravated assault in Count 1 or should you have a reasonable doubt as to his guilt of that offense, then you would be authorized to determine under the evidence whether or not the defendant is guilty of the lesser included offense of reckless conduct or pointing a pistol at another. . . . Now, the same thing I've said about Count 1 applies to Counts 2, 3, and 4.

We reject Salahuddin's contention that this was an improper sequential charge.

Our Supreme Court has held that it is error for a trial court to require unanimity on a greater offense before the jury can vote on a lesser included offense.[18] This rule is based on the principle that a verdict of guilty on a lesser included offense operates as an acquittal on the greater offense. Here, however, the trial court did not instruct the jury that it had to reach a unanimous verdict on aggravated assault before it could consider the lesser included offenses. The court merely suggested the order in which the offenses should be considered. This was not error.[19]

*Judgment affirmed. McMurray, P. J., concurs. Andrews, P. J., concurs in the judgment only.*

DECIDED NOVEMBER 17, 1999 —
RECONSIDERATION DENIED DECEMBER 1, 1999 —

---

[17] See id.; *Sims v. State*, 213 Ga. App. 151, 152-153 (2) (444 SE2d 121) (1994).

[18] *Cantrell v. State*, 266 Ga. 700, 702 (469 SE2d 660) (1996).

[19] See *Suits v. State*, 270 Ga. 362, 366 (6) (507 SE2d 751) (1998); *Brewer v. State*, 224 Ga. App. 656, 658 (3) (481 SE2d 608) (1997); *Harper v. State*, 157 Ga. App. 480, 481 (2) (278 SE2d 28) (1981). Compare *Kunselman v. State*, 232 Ga. App. 323, 324-325 (1) (501 SE2d 834) (1998) (finding error where trial court charged that if jury found defendant not guilty of greater offense, "then and only then" could jury consider lesser included offense).

*Brian Steel*, for appellant.

*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Assistant District Attorney*, for appellee.