### A00A0180. BROWN v. THE STATE.
(534 SE2d 98)

MILLER, Judge.

The primary question on appeal is whether the trial court abused its discretion by not striking for cause a potential juror who expressed reservations about being impartial in adjudicating the charged crime but who ultimately indicated a willingness and ability to try the issues objectively. Because we hold that the trial court could find the juror to be eligible, we affirm.

Richard Brown was indicted for possessing cocaine with the intent to distribute[1] and for doing so within 1,000 feet of a public housing project.[2] At trial the evidence showed that an officer witnessed Brown repeatedly remove small plastic bags from his pocket and conduct hand-to-hand transactions with various individuals. With Brown's consent, the officer patted him down and discovered 15 individually packaged bags of crack cocaine in a large bag and 28 similarly packaged bags of cocaine. The officer found no money on Brown. After the court directed a verdict in Brown's favor on the count alleging possession with intent to distribute within 1,000 feet of a public housing project, the jury found him guilty on the other count. The court denied Brown's motion for new trial.

1. Brown first complains that the court should have struck for cause a potential juror who expressed strong feelings against illegal drugs and illegal drug use. Because of this bias, the juror felt that he lacked the objectivity to adjudicate the case. When questioned by the judge, he said that he would be willing to try to be objective and that if impaneled he would decide the case without regard to his feelings against illegal drugs, but he noted that he was still uncomfortable. Based on this testimony, the court overruled Brown's challenge for cause.

"Whether to strike a juror for cause lies within the sound discretion of the trial court."[3] Unless the juror holds an opinion regarding the guilt or innocence of the defendant that is so fixed and definite that the juror will be unable to set the opinion aside and decide the case based on the evidence and court instructions, a court need not

---

[1] OCGA § 16-13-30 (b).
[2] OCGA § 16-13-32.5 (b).
[3] (Citation omitted.) *Holmes v. State,* 269 Ga. 124, 126 (2) (498 SE2d 732) (1998).

excuse the juror for cause.[4] A potential juror's doubts as to his or her own impartiality or reservations about his or her ability to set aside personal experiences do not require the court to strike the juror, as the judge is uniquely positioned to observe the juror's demeanor and thereby to evaluate his or her capacity to render an impartial verdict.[5] A juror who expresses a willingness to "try" to be objective[6] and whose bias arises from feelings about the particular crime as opposed to feelings about the accused[7] may be eligible for service.[8] We hold that the trial court did not manifestly abuse its discretion in refusing to strike the juror in question.

2. Brown successfully moved in limine to exclude testimony about the substance of a tip from a so-called concerned citizen that prompted the officer to observe Brown. When the prosecutor asked at trial how Brown came to his attention, the officer responded, "I received a tip that this subject was selling — ," whereupon the prosecutor immediately stopped the answer and attempted to move on. Brown objected and moved for a mistrial, which the court denied without issuing any curative instructions.

A mistrial based on prejudicial matter being improperly presented to the jury is appropriate if it is essential to the preservation of the accused's right to a fair trial.[9] "Whether the [statement is] so prejudicial as to warrant a mistrial is within the trial court's discretion."[10] The statement's nature, the other evidence in the case, and the actions of the court and counsel in dealing with the impropriety are all factors to be considered.[11]

Here the officer never testified as to what the tipster said that Brown was selling. Moreover, the question posed did not call for the substance of the tip, and the prosecution immediately stopped the officer from violating the order on the motion in limine. In light of the other evidence that Brown conducted numerous hand-to-hand transactions from a bag containing cocaine packaged for sale, the trial court did not abuse its discretion in denying the motion for mistrial.

3. Conceding that the officer was adequately qualified as an

---

[4] Id.; see *Wilson v. State*, 271 Ga. 811, 816 (5) (a) (525 SE2d 339) (1999); *Johnson v. State*, 262 Ga. 652, 653 (2) (424 SE2d 271) (1993).

[5] *Wilson*, supra, 271 Ga. at 815 (5) (a); *Holmes*, supra, 269 Ga. at 126 (2); see *Dorillas v. State*, 224 Ga. App. 336, 337 (1) (a) (480 SE2d 351) (1997).

[6] *Holmes*, supra, 269 Ga. at 126 (2); *Garland v. State*, 263 Ga. 495, 496-497 (1) (435 SE2d 431) (1993).

[7] *Malone v. State*, 240 Ga. App. 732, 735 (524 SE2d 770) (1999); *Harris v. State*, 178 Ga. App. 735, 736-737 (1) (344 SE2d 528) (1986).

[8] Cf. *McClain v. State*, 267 Ga. 378, 381 (1) (a) (477 SE2d 814) (1996) (distinguishing those cases where the potential juror had a close relationship with the parties or the victim).

[9] *White v. State*, 268 Ga. 28, 32 (4) (486 SE2d 338) (1997).

[10] (Citation omitted.) Id.

[11] Id.

expert in the illegal drug industry, Brown nevertheless argues that the officer's testimony regarding the manner of conducting drug transactions was speculative and conclusory. Noting that he found no money on Brown, the officer had explained that often one person receives the money and then directs the buyer to the holder of the drugs. So-called conclusory opinion testimony about the illegal drug industry from expertly qualified officers is admissible to explain the circumstances surrounding the defendant's actions.[12] We discern no error here.

4. Brown contends the court erred in refusing to give his requested charge on the elements of the crimes of possessing cocaine with the intent to distribute and of doing so within 1,000 feet of a public housing project. This contention fails for two reasons. First, any objection to the instructions concerning possession of drugs within 1,000 feet of a public housing project is moot, because Brown received a directed verdict in his favor on this count.[13] Second, the court adequately instructed the jury on the elements of the remaining count with the statutory language of OCGA § 16-13-30 (b).[14]

But Brown argues that in instructing on the elements of the crime, the court erred in reading the entire statute, which deems unlawful not only possessing cocaine with the intent to distribute, but also (among other things) manufacturing, administering, and dispensing cocaine.[15] Indeed, a jury instruction can be misleading which gives several definitions of the offense where the accused is charged with only one of those definitions.[16] But if the jury subsequently receives remedial instructions properly confining the offense to that charged in the indictment, no fatal error is present.[17] A limiting instruction that the State must prove the offense as alleged in the indictment can cure the problem.[18]

Here the court read the indictment to the jury before voir dire; read the indictment again as it began the jury charge; sent the indictment out with the jury with the instruction that they should review it to inform themselves fully as to the charge made against Brown; told the jury that the State bore the burden of proving every material allegation of the indictment beyond a reasonable doubt;

[12] *O'Donnell v. State*, 200 Ga. App. 829, 834 (2) (409 SE2d 579) (1991).

[13] See *Mallory v. State*, 271 Ga. 150, 153 (5) (517 SE2d 780) (1999), citing *Nation v. State*, 180 Ga. App. 460, 463 (6) (349 SE2d 479) (1986).

[14] See *Golson v. State*, 130 Ga. App. 577, 580 (2) (203 SE2d 917) (1974).

[15] OCGA § 16-13-30 (b).

[16] *Caithaml v. State*, 163 Ga. App. 429, 430 (2) (294 SE2d 674) (1982).

[17] Id. Accord *Moses v. State*, 270 Ga. 127, 129-130 (4) (508 SE2d 661) (1998).

[18] *Salahuddin v. State*, 241 Ga. App. 168, 170 (1) (525 SE2d 422) (1999). See *Ceasar v. State*, 239 Ga. App. 752, 753-754 (2) (521 SE2d 866) (1999); *Buice v. State*, 239 Ga. App. 52, 59 (5) (520 SE2d 258) (1999).

repeatedly reminded the jury throughout the instructions that the charged offense was possession of cocaine with intent to distribute; after reciting the Code language about the various methods of violating the statute, then immediately pointed out that in this case Brown was charged with the particular method of possessing cocaine with intent to distribute; and explained the jury verdict form, which specified the offense as possession of cocaine with intent to distribute. This verdict form and the instructions vitiate any valid concern that the jury was confused or might have convicted Brown of some offense other than that with which he was charged.

5. Finally, Brown claims that the court erred in giving an instruction on the lesser included charge of possession of cocaine[19] that included a general instruction on the meaning of lesser included charges. This charge was taken verbatim from OCGA § 16-1-6 and was followed by an explanation that possession of cocaine here was a lesser included offense of possession of cocaine with the intent to distribute. These are correct statements of the law. Moreover, Brown was convicted of the greater indicted offense of possession of cocaine with the intent to distribute.

> Conviction of the greater offense renders harmless any error, although we find none, in the charge as given for the lesser included offense of [possession of cocaine, OCGA § 16-13-30 (a)]. In this case no injury resulted, because the jury found the accused guilty of [possession of cocaine with intent to distribute under OCGA § 16-13-30 (b)] and that verdict is supported by sufficient competent evidence. If the jury had found the accused guilty of [the lesser included offense of possession of cocaine], there would be room for complaint of the allegedly inappropriate instructions. *Smith v. State*, 8 Ga. App. 680, 682 (2) (70 SE 42) (1911). *Rodriguez v. State*, 211 Ga. App. 256 (1), 257 (439 SE2d 510) [(1993)].[20]

*Judgment affirmed. Pope, P. J., and Smith, P. J., concur.*

DECIDED APRIL 17, 2000.

*Sharon L. Hopkins,* for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney,* for appellee.

---

[19] OCGA § 16-13-30 (a).
[20] (Punctuation omitted.) *Tucker v. State*, 225 Ga. App. 757, 759 (3) (484 SE2d 793) (1997).