## A08A0532. CARDER v. THE STATE.
### (661 SE2d 632)

BERNES, Judge.

Robert Gene Carder was convicted of aggravated assault and carrying a concealed weapon.[1] He appeals from the denial of his motion for new trial, contending that there was insufficient evidence to support the verdict. We disagree and therefore affirm.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the [s]tate's case, the jury's verdict will be upheld.

(Citation omitted.) *Millender v. State*, 286 Ga. App. 331 (1) (648 SE2d 777) (2007).

So viewed, the evidence shows that the victim was employed by Ingles Supermarket in Bartow County. On the night of September

---

[1] Carder also was convicted of theft by shoplifting, but he does not challenge that conviction on sufficiency grounds.

24, 2003, the victim was restocking an item when he saw appellant in the produce section with a cart full of grocery items. The victim recognized appellant from a prior incident at the store, became concerned and began to watch appellant.

A few seconds later, the victim saw appellant quickly push the cart out the exit door without paying for the groceries. The victim ran after appellant, who tripped and fell to the ground. Appellant got up and told the victim that he had a knife. He then pulled a knife with a six-inch blade out of his pocket with his right hand, and lunged at the victim. Frightened, the victim stepped away from appellant, who fled from the parking lot. The victim called the police. After speaking with an investigator assigned to the case, the victim identified appellant from a photographic lineup.

Appellant was indicted and tried on one count of aggravated assault and one count of carrying a concealed weapon. At trial, the victim testified to the events set out above and identified appellant as the perpetrator of the offenses. After hearing the testimony, the jury found appellant guilty of the offenses as charged. The trial court subsequently denied appellant's motion for new trial, leading to this appeal.

Appellant contends that there was insufficient evidence to support the jury verdict. "A person commits the offense of aggravated assault when he uses a deadly weapon to commit an act which places another in reasonable apprehension of immediately receiving a violent injury." (Footnote omitted.) *Jackson v. State*, 251 Ga. App. 578, 579 (1) (554 SE2d 768) (2001). See OCGA §§ 16-5-20 (a); 16-5-21 (a) (2). The indictment alleged that appellant committed aggravated assault in that he did "assault [the victim] with a knife, an object which, when used offensively against a person is likely to result in serious bodily injury."

In turn, a person is guilty of carrying a concealed weapon "when such person knowingly has or carries about his or her person, unless in an open manner and fully exposed to view, any . . . knife designed for the purpose of offense and defense, . . . outside of his or her home or place of business." OCGA § 16-11-126 (a). The indictment alleged that appellant committed the offense of carrying a concealed weapon in that he did "knowingly have a knife on his person, concealed from view and not in an open manner, outside of his home and place of business."

Viewed in the light most favorable to the verdict, the evidence presented at trial clearly was sufficient to allow a rational trier of fact to find appellant guilty beyond a reasonable doubt of aggravated assault and carrying a concealed weapon. *Jackson*, 443 U. S. 307. See OCGA §§ 16-5-20 (a); 16-5-21 (a) (2); 16-11-126 (a). The victim's testimony describing what happened and identifying appellant as the

perpetrator was alone sufficient to sustain the convictions on both counts. See OCGA § 24-4-8 ("The testimony of a single witness is generally sufficient to establish a fact."); *Brown v. State*, 287 Ga. App. 115, 117 (1) (650 SE2d 780) (2007).

Nevertheless, appellant argues that the evidence was insufficient based on testimony showing that appellant had an arthritic right hand that made it difficult for him to reach into his pocket. Appellant claims that this testimony served as uncontroverted evidence that he could not have pulled out or brandished a knife as described by the victim. We do not agree. While it is true that there was testimony about the arthritic state of appellant's right hand, there was also testimony that appellant, a carpenter, uses his right hand as well as his left hand, when working with the tools of his trade. The testimony concerning appellant's hand at most created a conflict in the evidence which was solely for the jury to resolve. See *Nelson v. State*, 278 Ga. App. 548, 550 (1) (629 SE2d 410) (2006) ("As an appellate court, we do not weigh the evidence, judge the credibility of witnesses, or resolve evidentiary conflicts.") (citation and punctuation omitted).

For these reasons, we find no basis for reversing appellant's convictions and thus affirm the trial court's denial of appellant's motion for new trial.

*Judgment affirmed. Ruffin, P. J., and Andrews, J., concur.*

DECIDED APRIL 23, 2008.

*Mary Erickson*, for appellant.

*T. Joseph Campbell, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.