A09A0653. LEE v. THE STATE.
(680 SE2d 643)

SMITH, Presiding Judge.

A jury found Cory Lee guilty of aggravated assault on a police officer and carrying a concealed weapon.[1] Lee now appeals, asserting several claims of error. Upon review of the record, we find Lee's claims of error to be without merit and affirm.

The evidence revealed that the victim, a sergeant with the Richmond County Sheriff's Office, was wearing his police uniform and providing security at a nightclub when a fight erupted between two groups of men. The victim broke up the fight and ordered the participants to leave the premises. The victim and a deputy followed the men outside. Once outside in the parking lot, the men involved in the fight began to argue. When the victim turned to one of the men to tell him to get in his car, he observed Lee "discharging a firearm." The victim testified "I didn't see his face because I was focused on the muzzle of the weapon." The bullet struck the victim on his chest but lodged inside his bullet-proof vest. The victim suffered "bruised skin slightly broken."

A witness on the scene testified that he observed the argument in the parking lot and that he saw Lee walk over to his vehicle, go into the backseat, and pull out a firearm. The witness testified further that Lee tucked the firearm in his belt and covered it with his shirt before pulling it out to shoot the victim.

Lee fled the scene and drove to South Carolina. South Carolina officers were informed to look out for a "gold or champagne colored Cadillac Escalade with 22-inch chrome rims and a South Carolina license plate displaying a flower on the tag." The officers stopped a vehicle matching the description and apprehended Lee who was the only occupant. About one hour later, the witness identified Lee during a police show-up and identified him again at trial. He also

---

[1] Lee was also charged with possession of a firearm by a convicted felon during the commission of a crime, but the State nolle prossed that charge.

identified the vehicle Lee was driving.

1. Lee argues that the trial court erred in denying his motion to suppress the eyewitness's show-up identification. He contends that this witness gave conflicting accounts of what occurred as he was being driven to make the show-up identification. The witness first testified that he was not told he was going to identify the person believed to be the shooter, but then later admitted that an officer "said they had a man and they wanted me to identify him." Lee argues further that the witness denied, but after further questioning admitted, that after the incident he told an investigator that he would not be able to identify the shooter. Lee also argues that the witness may have had some animosity toward him because there was testimony that the witness may have also been involved in the fight at the nightclub.

Much of Lee's argument here concerns the credibility of the witness.

> As identity is a question for the trier of fact, the credibility of the witness making such identification is not to be decided by this Court where a witness identifies a defendant. Instead, [the witness's] credibility as well as the weight given his testimony on the perpetrator's identity were issues for the jury.

(Citations and footnotes omitted.) *Smith v. State*, 293 Ga. App. 569, 572 (1) (667 SE2d 421) (2008). Lee appears to argue that the show-up was impermissibly suggestive because the witness stated that he knew officers wanted him to identify the person he claimed to be the shooter. But "the evidence should be suppressed only if a substantial likelihood of irreparable misidentification exists." (Citation and footnote omitted.) *Treadwell v. State*, 272 Ga. App. 508, 511 (3) (613 SE2d 3) (2005).

The witness testified that the shooter drove away in a champagne colored Escalade with chrome rims and a South Carolina license plate with a flower on it. He told officers on the scene that he did not think he could identify the shooter because "it was kind of dark but I could tell what he kind of looked like, but I didn't really see his face. I seen [sic] he was light skin, short, low haircut." But when the witness arrived to the location of Lee's apprehension less than five miles away, he was able to identify Lee "as soon as we pulled up." The witness testified further that he was "a hundred percent" certain that the vehicle he observed at the show-up was the same vehicle he observed at the scene of the shooting and that the occupant was the shooter. Further, the victim testified that he noticed Lee first and his manner of dress when Lee entered the

nightclub and that he "sort of stood out." The victim testified further that he was certain as to who shot him after he was released from the hospital although he did not know "his name at the time." At trial, the victim testified that he told investigators that the shooter "was a light[-]skinned[ ] black male wearing a white shirt."

Under this evidence, there is no likelihood of irreparable misidentification, especially here where the witness stated that his identification of Lee was based upon seeing him at the scene of the crime, and the victim and witness both identified Lee as the shooter at trial. See *Ellis v. State*, 215 Ga. App. 40, 42 (1) (449 SE2d 882) (1994). And any error in the admission of the show-up identification was harmless in light of the victim's identification of Lee. See *Armstrong v. State*, 249 Ga. App. 772, 774-775 (2) (549 SE2d 545) (2001). The trial court therefore did not err in denying Lee's motion to suppress on this ground.

2. In two enumerations, Lee contends that the trial court erred in instructing the jury on aggravated assault as a lesser included offense of aggravated assault on a police officer. But because Lee was convicted of the greater offense — aggravated assault on a police officer — any error in the court's instruction on aggravated assault was harmless. *Brown v. State*, 243 Ga. App. 632, 635 (5) (534 SE2d 98) (2000); *Tucker v. State*, 225 Ga. App. 757, 759 (3) (484 SE2d 793) (1997).

3. Lee contends that the court erred in its response to a question from the jury concerning how their verdict should be written. He argues the court should not have recharged the jury on the elements of the offenses without also instructing the jury that he "could also be found not guilty." But the jury's question did not concern whether they could find Lee not guilty, and the court may in its discretion "recharge them in full, or only upon the point or points requested." (Citations and punctuation omitted) *Williams v. State*, 249 Ga. 6, 9-10 (6) (287 SE2d 31) (1982). "The court is not bound to repeat all the law favorable to the accused." (Citations and punctuation omitted.) Id. at 10 (6).

4. Lee contends that the court erred in instructing the jury on a portion of the aggravated assault charge. He complains that the court charged, "It is *not* necessary that the evidence show beyond a reasonable doubt that the defendant attempted to cause a violent injury to the alleged victim. . . ." The correct charge states "It is *only* necessary. . . ." See *Opio v. State*, 283 Ga. App. 894, 901 (2) (642 SE2d 906) (2007). Although the court inadvertently inserted "not" in the place of "only" on its first recitation of the offense, the court correctly recited the instruction when it repeated it again only moments later. Any error here in the trial court's verbal slip was therefore harmless.

Additionally, Lee argues that this portion of the instruction "was not a correct statement of law concerning the burden of proof required to establish the elements of the crime charged." During trial, however, Lee only complained that the instruction was repetitive of two other instructions concerning aggravated assault. We will not consider grounds on appeal not raised below. *Golden Peanut Co. v. Bass*, 249 Ga. App. 224, 236 (2) (547 SE2d 637) (2001); see *Battle v. State*, 269 Ga. App. 757, 758 (1), n. 1 (605 SE2d 391) (2004) (grounds not raised below cannot be raised on appeal).

5. Lee argues that because the State failed to present evidence that he did not have a valid license to carry a firearm, the evidence was insufficient to support his conviction for carrying a concealed weapon. But it is Lee, not the State, that has the burden of proving he had a permit to carry the firearm. *London v. State*, 235 Ga. App. 30, 34 (3) (508 SE2d 247) (1998). The evidence revealed that Lee retrieved a firearm from his back right passenger seat, tucked it in his belt, and covered it with his shirt before pulling it out to shoot the victim. This was sufficient to sustain his conviction for carrying a concealed weapon. See OCGA § 16-11-126 (a); *Carder v. State*, 291 Ga. App. 265, 266-267 (661 SE2d 632) (2008).

6. Lee contends that the trial court erred in its instruction to the jury on the crime of carrying a concealed weapon. He argues that the court should have included a charge on the language of OCGA § 16-11-126 (c), which prohibits the concealment of a firearm by a person unless that person has a valid permit issued under OCGA § 16-11-129. But as we have held in Division 5, Lee failed to prove that he had such a permit. The trial court is not required to give an instruction which is inapplicable to the case. *Snow v. State*, 228 Ga. App. 649, 652 (6) (492 SE2d 564) (1997).

*Judgment affirmed. Phipps and Bernes, JJ., concur.*

DECIDED JUNE 30, 2009.

*Charles H. S. Lyons III*, for appellant.
*Rebecca A. Wright, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.

